The Honorable _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

HAKRAE LEE and MIN KYUN PARK,
Individually and on Behalf of All Others
Similarly Situated,

                              Plaintiffs,

        v.

COUPANG, INC., COUPANG CORP., BOM
SUK KIM, GAURAV ANAND, BRETT
MATTHES, and TAE KIM,

                              Defendants.

No.

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

**DEMAND FOR JURY TRIAL**

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE
FEDERAL SECURITIES LAWS

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Plaintiffs Hakrae Lee and Min Kyun Park ("Plaintiffs"), who reside in South Korea, by and through counsel, allege the following upon information and belief, except as to allegations concerning Plaintiffs, which are alleged upon personal knowledge.  Plaintiffs' information and belief is based upon, among other things, their counsel's investigation, which includes, without limitation: (a) review and analysis of public filings made by Coupang, Inc. ("Coupang" or the "Company") with the U.S. Securities and Exchange Commission (the "SEC"); (b) review and analysis of press releases and other publications disseminated by Defendants (defined below) and other parties; (c) review of news articles, shareholder communications, and conference calls concerning Defendants' public statements; and (d) review of other publicly available information concerning the Company, Coupang Corp., and the Individual Defendants (defined below).

## NATURE OF THE ACTION

1.       This is a federal securities class action on behalf of all investors who purchased or otherwise acquired Coupang common stock between May 7, 2025 and December 16, 2025, inclusive (the "Class Period") against Coupang, Coupang Corp., and certain of Coupang's officers and executives (collectively, "Defendants"), seeking to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5 promulgated thereunder.

2.       Coupang portrays itself as a technology and commerce company that offers a broad array of services, including online retail, restaurant delivery, video streaming, and financial technology solutions.  Coupang operates through two business segments: (1) Product Commerce and (2) Developing Offerings.

3.       Coupang's Product Commerce segment—comprised primarily of Coupang's South Korean operations—represents the core of the Company's business and accounted for approximately 88% of Coupang's total revenue in 2024.  These revenues are generated overwhelmingly through South Korea-based Coupang Corp., a wholly owned subsidiary of Coupang, which operates the Company's principal e-commerce platform, delivery services, and

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE
FEDERAL SECURITIES LAWS - 1

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

other customer-facing operations within South Korea.

4.     To function properly, Coupang's e-commerce platform and other services require the collection, storage, and transmission of data about its customers, merchants, and suppliers—including personal information and other sensitive and confidential data.  As a result, Coupang's implementation of cybersecurity safeguards to mitigate external and internal security risks are essential to the Company's business and its customers.

5.     The action alleges that Coupang provided investors with misleading assurances about the adequacy of its cybersecurity procedures and practices, especially those of its wholly owned subsidiary, Coupang Corp.  In reality, Coupang failed to implement and maintain sufficient safeguards to detect and address internal and external cyberthreats, leaving both the Company and its customers exposed to an increased risk of cyberattacks.

6.     The truth began to emerge about Coupang's inadequate cybersecurity practices and procedures on November 29, 2025.[1]  That day, Coupang Corp. disclosed that its internal systems were infiltrated by a nefarious actor, which resulted in "unauthorized personal data access" involving "*about 33.7 million*" customer accounts in Korea.  The compromised customer data included "name, email address, phone number, shipping address, and certain order histories."  Coupang Corp. also explained that "*it is believed that unauthorized access to personal information began on June 24, 2025, via overseas servers.*"

7.     On this news, Coupang common stock fell $1.51 per share, or about 5.36%, to close at a price of $26.65 per share on December 1, 2025.

8.     Then, before markets opened on December 10, 2025, Coupang Corp. announced that its Chief Executive Officer ("CEO"), Park Dae-joon, had resigned "in connection with the recent personal information leak incident."  The press release also revealed that Coupang appointed its Chief Administrative Officer and General Counsel, Harold Rogers, as Coupang Corp.'s interim CEO.

---

[1] November 29, 2025 fell on a Saturday, *i.e.*, a non-trading day.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE
FEDERAL SECURITIES LAWS - 2

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

9.    On this news, Coupang common stock fell $0.87 per share, or about 3.2%, to close at a price of $26.06 per share on December 10, 2025.

10.    The truth fully emerged after markets closed on December 16, 2025, when Coupang issued a press release, filed with the SEC on Form 8-K, acknowledging that on November 18, 2025, Coupang and Coupang Corp. "became aware of a cybersecurity incident involving unauthorized access to customer accounts."  The press release further revealed that "*a former employee may have obtained the name, phone number, delivery address, and email address associated with up to 33 million customer accounts*, and certain order histories for a subset of the impacted accounts."  Coupang also informed investors that "*Korean regulators have initiated investigations with which Coupang is fully cooperating.*  While one or more Korean regulators will potentially impose financial penalties, at this time we cannot reasonably estimate any amount of losses or range of losses that may result from such penalties."

11.    On this news, Coupang common stock fell $0.74 per share, or about 2%, to close at a price of $22.72 per share on December 17, 2025.

12.    As a result of Defendants' wrongful acts and omissions, and the precipitous decline in market value of the Company's common stock when the truth was disclosed, Plaintiffs and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

13.    The claims asserted herein arise under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

14.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, Section 27 of the Exchange Act (15 U.S.C. § 78aa).

15.    Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b), Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)).  Substantial acts in furtherance of the alleged fraud or the effects of the fraud have occurred in this Judicial District.  Many of the acts and omissions

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE
FEDERAL SECURITIES LAWS - 3

charged herein, including the dissemination of materially false and misleading information to the investing public, and the omission of material information, occurred in substantial part in this Judicial District, as Coupang is headquartered in Seattle, Washington.

16.    In connection with the acts, transactions, and conduct alleged herein, Defendants, directly and indirectly, used the means and instrumentalities of interstate commerce, including the U.S. Mail, interstate telephone communications, and the facilities of a national securities exchange.

## PARTIES

17.    Plaintiff Hakrae Lee resides in South Korea.  As set forth in the accompanying certification, incorporated by reference herein, Plaintiff Lee purchased and acquired Coupang common stock during the Class Period, and suffered damages as a result of the federal securities laws violations and false and/or misleading statements and/or material omissions alleged herein.

18.    Plaintiff Min Kyun Park resides in South Korea.  As set forth in the accompanying certification, incorporated by reference herein, Plaintiff Park purchased and acquired Coupang common stock during the Class Period, and suffered damages as a result of the federal securities laws violations and false and/or misleading statements and/or material omissions alleged herein.

19.    Defendant Coupang is incorporated under the laws of Delaware, with its principal executive offices located in Seattle, Washington.  Coupang's common stock trades on the New York Stock Exchange (the "NYSE") under the ticker symbol "CPNG."

20.    Defendant Coupang Corp. is a wholly owned subsidiary of Coupang, with its principal executive office located at Tower 730, 570 Songpa-daero, Songpa-gu, Seoul, South Korea.

21.    Defendant Bom Suk Kim ("CEO Kim") is the Founder of Coupang and Coupang Corp. and served as Coupang's CEO at all relevant times.

22.    Defendant Gaurav Anand ("Anand") served as the Company's Chief Financial Officer at all relevant times.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE
FEDERAL SECURITIES LAWS - 4

23.    Defendant Brett Matthes ("Matthes") served as the Company's Chief Information Security Officer ("CISO") at all relevant times.

24.    Defendant Tae Kim ("Director Kim") served as the Company's Director of Global Hunting, Oversight and Strategic Triage ("GHOST") at all relevant times.

25.    Defendants CEO Kim, Anand, Matthes, and Director Kim (collectively, the "Individual Defendants"), because of their positions with the Company, possessed the power and authority to control the contents of the Company's reports to the SEC, shareholder letters, press releases, and presentations to securities analysts, money and portfolio managers, and institutional investors, *i.e.*, the market. The Individual Defendants were provided with copies of the Company's reports and press releases alleged herein to be misleading prior to, or shortly after, their issuance and had the ability and opportunity to prevent their issuance or cause them to be corrected. Because of their positions and access to material non-public information available to them, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to, and were being concealed from, the public, and that the positive representations that were being made were then materially false and/or misleading. The Individual Defendants are liable for the false statements pleaded herein.

26.    The Company, Coupang Corp., and the Individual Defendants are collectively referred to as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background

27.    Coupang purports to be a technology and commerce company that offers online retail, restaurant delivery, and video streaming services, among others. Coupang operates through its Product Commerce and Developing Offerings business segments. The Product Commerce segment is the primary revenue driver of Coupang, accounting for about 88% of the Company's total revenue in 2024.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE
FEDERAL SECURITIES LAWS - 5

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

28.    Based in South Korea, Coupang Corp., a wholly owned subsidiary of Coupang, operates the Company's e-commerce platform, delivery services, and other operations within South Korea, which comprise most of the Product Commerce segment.

29.    Coupang's e-commerce platform, and other services, rely on collecting, storing, and transmitting data about customers, merchants, and suppliers, including personal and sensitive information.  Effective cybersecurity measures are therefore integral to the Company's business.

30.    Leading up to the Class Period, Coupang consistently touted its understanding of, and the importance it placed on, effective cybersecurity practices.  For example, in the Company's annual report for the year of 2024, ended December 31, 2024, filed with the SEC on Form 10-K on February 25, 2025 (the "2024 Annual Report"), Coupang claimed to have a "cyber risk management framework designed to identify, assess, and manage cyber related risks."

31.    Additionally, the 2024 Annual Report touted the "extensive cybersecurity knowledge and skills" of CISO Matthes.  The report further assured investors that Matthes was "updated on cybersecurity threats from experienced information security officers in our security organization on an ongoing basis and in conjunction with management," while also "regularly review[ing] risk management measures implemented by the Company to identify and mitigate data protection and cybersecurity risks."

**Defendants' Materially False and Misleading Statements**

**<u>Issued During the Class Period</u>**

32.    The Class Period begins on May 7, 2025.  After markets closed the day before, on May 6, 2025, Coupang, Inc. issued its quarterly report on Form 10-Q for the first quarter of 2025, ended March 31, 2025 (the "2025 Q1 Report").  In the 2025 Q1 Report, Coupang stated, in relevant part:

> Item 1A. Risk Factors
>
> You should consider and read carefully all of the risks and uncertainties disclosed in Part 1, Item 1A, under the caption "Risk Factors," of our 2024 Form 10-K, which risks could materially and adversely affect our business, results of operations, financial condition, and liquidity.  ***No material change in the risk factors***

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

*discussed in such Form 10-K has occurred.* Such risk factors may not be the only ones that we face because our business operations could also be affected by additional factors that are not presently known to us or that we currently consider to be immaterial to our operations. Our business operations could also be affected by additional factors that apply to all companies operating globally.

33. Pursuant to the Sarbanes-Oxley Act of 2002 ("SOX"), CEO Kim and Anand signed and filed certifications together with the 2025 Q1 Report attesting to the accuracy of Coupang's financial reporting, the disclosure of any material changes to Coupang's internal controls, and the disclosure of all fraud.

34. The 2025 Q1 Report referenced and incorporated the risk disclosures from the 2024 Annual Report. The 2024 Annual Report contained the following risk disclosure regarding security breaches, stating, in relevant part:

> Item 1A. Risk Factors
> * * * *
> Risks Related to Laws, Regulation, and Intellectual Property
> * * * *
> ***Any failure to protect our apps, websites, networks, and systems against security breaches or otherwise protect our and our customers' and business partners' confidential information could damage our reputation and brand and adversely affect our business, financial condition, and results of operations.***
>
> Our business employs websites, networks, and systems through which we collect, maintain, transmit, and store data about our customers, merchants, suppliers, advertisers, and others, including personally identifiable information, as well as other confidential and proprietary information. We rely on encryption and authentication technology in an effort to securely transmit confidential and sensitive information. However, security breaches or other security incidents have in the past resulted and could in the future result in the inadvertent or unauthorized use or disclosure of confidential and sensitive information we collect, store, or transmit, or otherwise enable third parties to gain unauthorized access to this information . . . . In addition, security breaches can also occur as a result of non-technical issues, including intentional or inadvertent breaches by our employees or by persons with whom we have commercial relationships. ***As a***

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

*result of any security breach, our reputation and brand could be damaged, our business could suffer, we could be required to expend significant capital and other resources to alleviate problems caused by such breaches, and we could be exposed to a risk of loss, litigation, or regulatory action and possible liability*. Actual or anticipated attacks may cause us to incur increasing costs, including costs to deploy additional personnel and protection technologies, train employees, and engage third-party experts and consultants. *Any compromise or breach of our security measures, or those of our third-party service providers, could violate applicable privacy, data security, and other laws, and cause significant legal and financial exposure, adverse publicity, and a loss of confidence in our security measures, which could have an adverse effect on our business, financial condition, and results of operations*.

35.    The 2024 Annual Report further stated, in relevant part, the following about privacy laws and regulations:

Item 1A. Risk Factors
* * * *
Risks Related to Laws, Regulation, and Intellectual Property
* * * *
We are also subject to regulations relating to privacy and use of confidential information of our consumers, including, among others, Korea's Personal Information Protection Act and related legislation, regulations and orders (the "PIPA"), China's Personal Information Protection Act, the Act on the Promotion of Information and Communications Network Utilization and Protection of Information Act (Korea), and the Credit Information Act in Korea that specifically regulates certain sensitive personal information. PIPA requires consent by the consumer with respect to the use of his or her data and requires the persons responsible for management of personal data to take the necessary technological and managerial measures to prevent data breaches and, among other duties, to notify the Personal Information Protection Commission of any data breach incidents within 24 hours. *Failure to comply with PIPA in any manner may subject these persons responsible to personal liability for not obtaining such consent in an appropriate manner or for such breaches, including even negligent breaches, and violators face varying penalties ranging from monetary penalties to imprisonment*. We strive to take the necessary technological and managerial measures to comply with PIPA, including the implementation of privacy policies concerning the collection, use, and disclosure of subscriber

data on our apps and websites, and we regularly review and update our policies and practices. Despite these efforts to comply with PIPA, these rules are complex and evolving, subject to interpretation by government regulators which may change over time and therefore we are subject to the risk of claims by regulators of failure to comply with PIPA.

36.    Pursuant to SOX, CEO Kim and Anand signed and filed certifications together with the 2024 Annual Report attesting to the accuracy of Coupang's financial reporting, the disclosure of any material changes to Coupang's internal controls, and the disclosure of all fraud.

37.    On June 30, 2025, Coupang Corp. issued a privacy notice on its website to its Korean customers, which stated, in relevant part:

6. Personal Information Safeguard Measures

**Coupang has technical and administrative safeguard measures in place to ensure that users' personal information is not stolen, leaked, forged or damaged while processing the information**.

- Technical Safeguards: real-time monitoring and blocking of hacking attempts and data leak, enhanced access control on personal information processing systems, storage of access logs and prevention of their forgery/alteration, at-rest encryption of passwords and critical information, and in-transit encryption of data

- Administrative Safeguards: **Operation of a dedicated privacy team, regular training for PI handlers, awareness-raising activities toward employees, and regular inspection for compliance**

- Physical Safeguards: **Install and operate the system in an area with controlled access from the outside, and establish and operate secure access control procedures**.

38.    On July 15, 2025, Boan News, a South Korean online media outlet, published an article reporting on Matthes's comments made at the Korea CISO Council 146th CISO Forum held that day. The article quoted Matthes, stating, "'Coupang's []proactive security[] has improved threat visibility and mitigated potential cyber threats in advance[,]'" and that "'[a] shift in mindset to focus on the threat actor has significant benefits.'"

39.     On August 5, 2025, Coupang issued its quarterly report on Form 10-Q for the second quarter of 2025, ended June 30, 2025, (the "2025 Q2 Report"), which reiterated that "no material change in the risk factors discussed in [the 2024 Annual Report] has occurred."

40.     Pursuant to SOX, CEO Kim and Anand signed and filed certifications together with the 2025 Q2 Report attesting to the accuracy of Coupang's financial reporting, the disclosure of any material changes to Coupang's internal controls, and the disclosure of all fraud.

41.     On October 5, 2025, Director Kim discussed the Company's cybersecurity efforts during an interview with Forrester Research.  During the interview, a Forrester analyst asked about Coupang's threat management team and its role within "Coupang's security organization."  In response, Director Kim highlighted Coupang's cybersecurity capabilities, stating that "[o]ur mission is to anticipate threats before they materialize and reduce attacker dwell time when incidents occur."

42.     In response to that same question, he further explained that Coupang "is investing heavily in proactive defense, [not just] reactive response" and emphasized that the "teams have already made significant contributions to security improvements for the company through use of intelligence on potential threat actors."

43.     On November 4, 2025, Coupang issued its quarterly report on Form 10-Q for the third quarter of 2025, ended September 30, 2025, (the "2025 Q3 Report"), which reiterated that "no material change in the risk factors discussed in [the 2024 Annual Report] has occurred."

44.     Pursuant to SOX, CEO Kim and Anand signed and filed certifications together with the 2025 Q3 Report attesting to the accuracy of Coupang's financial reporting, the disclosure of any material changes to Coupang's internal controls, and the disclosure of all fraud.

45.     The above statements identified in ¶¶ [32]-[44] were materially false and/or misleading and failed to disclose material adverse facts about the Company's business, operations, and prospects to make the statements made, in light of the circumstances under which they were made, not false and misleading.  Specifically, Defendants failed to disclose to investors that:

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

(1) Coupang had not maintained adequate cybersecurity procedures and practices to protect against internal and external security breaches; (2) as a result, there was a significant risk that Coupang Corp.'s internal systems would be infiltrated by nefarious actors, exposing customers' sensitive information; (3) the risk of a security breach in Coupang Corp.'s internal systems had already materialized in June 2025; (4) due to the foregoing, Coupang would likely face increased regulatory scrutiny, and its business would be adversely affected; and (5) as a result of the above, Defendant's positive statements about the Company's business, operations, and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times.

**The Truth Begins to Emerge**

46.    The truth began to emerge on November 29, 2025, when Coupang Corp. issued a press release disclosing that on November 18, 2025, it "became aware of unauthorized personal data access involving about 4,500 customer accounts."  The press release went on to disclose that "[s]ubsequent investigation has revealed that *the extent of customer account exposure is about 33.7 million accounts*, all in Korea[,]" while asserting that the compromised data was purportedly "limited to name, email address, phone number, shipping address, and certain order histories and does not include any payment details, credit card numbers, or login credentials, which remain securely protected."  The press release also explained, "According to the investigation so far, it is believed that unauthorized access to personal information began on June 24, 2025, via overseas servers."

47.    Major news outlets subsequently reported the security breach.  For example, that same day, Yonhap News Agency, South Korea's largest news network, published an article titled, "Coupang Says 33.7 mln Customer Accounts Exposed in Data Leak[.]"  In detailing the scope of the incident, the article highlighted that "[g]iven that active users in Coupang's Product Commerce division—which includes its delivery service—reached 24.7 million in the third quarter, *the scale of the leak indicates that nearly the entire user base may have been affected.*"  Then, on December 1, 2025, Bloomberg published an article, explaining that "[i]t was not clear who was

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE
FEDERAL SECURITIES LAWS - 11

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

behind the leak, but local media reported that ***a former Coupang employee could have exploited a system vulnerability***."

48.    On this news, Coupang common stock fell $1.51 per share, or about 5.36%, from a closing price of $28.16 per share on November 28, 2025, to a closing price of $26.65 per share on December 1, 2025.

49.    Analysts swiftly reacted.  For example, J.P. Morgan analysts issued a report in response to the data breach, noting:

> We summarize our initial views: 1) we expect potential customer losses to be limited (vs SKT's 2.6% net Mobile Number Portability [MNP] loss) due to CPNG's unrivaled market positioning and Korean customers being seemingly less sensitive to data breach issues, 2) ***there is a potential of CPNG providing a voluntary customer compensation package (similar to SKT's total US$500M package)***, and 3) ***a high likelihood of the Korea government imposing a potential penalty (JPMe c.US$300M compared with SKT's c.US$100M, 1% of wireless revenue).  We expect CPNG to recognize a sizable one-off loss from the above mentioned reasons in 4Q25E or 1Q26E, which will likely weigh on near-term sentiment.***

50.    On December 10, 2025, before markets opened, Coupang Corp. issued a press release announcing the resignation of its CEO, Park Dae-joon, "in connection with the recent personal information leak incident."  Park Dae-joon is quoted in the press release stating, "'I am deeply sorry for disappointing the public with the recent personal information incident,'" and added, "'I feel a deep sense of responsibility for the outbreak and the subsequent recovery process, and I have decided to step down from all positions.'"  The press release further informed investors that Coupang appointed its Chief Administrative Officer and General Counsel, Harold Rogers, as Coupang Corp.'s interim CEO.

51.    On this news, Coupang common stock fell $0.87 per share, or about 3.2%, from a closing price of $26.93 per share on December 9, 2025, to a closing price of $26.06 per share on December 10, 2025.

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**The Truth Fully Emerges**

52.     The truth fully emerged after markets closed on December 16, 2025.  That day, Coupang issued a press release, filed with the SEC on Form 8-K, acknowledging that on November 18, 2025, Coupang and Coupang Corp. "became aware of a cybersecurity incident involving unauthorized access to customer accounts."  The press release further stated:

> Based on investigative findings, ***Coupang has determined that a former employee may have obtained the name, phone number, delivery address, and email address associated with up to 33 million customer accounts, and certain order histories for a subset of the impacted accounts***.  To Coupang's knowledge, the former employee has not publicly disclosed the obtained data.  No Coupang customers' banking information, payment card information, or login credentials were obtained or otherwise compromised in the Incident.  Coupang is continuing its investigation and has engaged external forensic experts to assist with the investigation.  ***Korean regulators have initiated investigations with which Coupang is fully cooperating.  While one or more Korean regulators will potentially impose financial penalties, at this time we cannot reasonably estimate any amount of losses or range of losses that may result from such penalties***.

53.     On this news, Coupang common stock fell $0.74 per share, or about 2%, from a closing price of $23.19 per share on December 16, 2025, to a closing price of $22.72 per share on December 17, 2025.

**CLASS ACTION ALLEGATIONS**

54.     Plaintiffs bring this action as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class, consisting of all investors who purchased or otherwise acquired Coupang common stock between May 7, 2025 and December 16, 2025, inclusive, and who were damaged thereby (the "Class").  Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE
FEDERAL SECURITIES LAWS - 13

55.    The members of the Class are so numerous that joinder of all members is impracticable.  While the exact number of Class members is unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs believe that there are at least hundreds or thousands of members in the proposed Class.  Throughout the Class Period, Coupang common stock actively traded on the NYSE (an open and efficient market).  Millions of Coupang shares were traded publicly during the Class Period on the NYSE.  As of October 29, 2025, the Company had more than 1.6 billion shares of common stock outstanding.  Record owners and other members of the Class may be identified from records maintained by Coupang or its transfer agent and may be notified of the pendency of this action by mail, using a form of notice similar to that customarily used in securities class actions.

56.    Plaintiffs' claims are typical of the claims of the other members of the Class as all members of the Class were similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

57.    Plaintiffs will fairly and adequately protect the interests of the members of the Class and have retained counsel competent and experienced in class and securities litigation.  Plaintiffs have no interests that conflict with those of the Class.

58.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

a.    whether Defendants violated the Exchange Act by the acts and omissions as alleged herein;

b.    whether Defendants knew or recklessly disregarded that their statements and/or omissions were false and misleading;

c.    whether documents, press releases, and other statements disseminated to the investing public and the Company's shareholders during the Class Period misrepresented material facts about the business, operations, and prospects of Coupang;

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE
FEDERAL SECURITIES LAWS - 14

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

d.    whether statements made by Defendants to the investing public during the Class Period misrepresented and/or omitted to disclose material facts about the business, operations, and prospects of Coupang;

e.    whether the market price of Coupang common stock during the Class Period was artificially inflated due to the material misrepresentations and failures to correct the material misrepresentations complained of herein; and

f.    the extent to which the members of the Class have sustained damages and the proper measure of damages.

59.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this suit as a class action.

## UNDISCLOSED ADVERSE INFORMATION

60.    The market for Coupang common stock was an open, well-developed, and efficient market at all relevant times.  As a result of the materially false and/or misleading statements and/or omissions particularized in this Complaint, Coupang common stock traded at artificially inflated prices during the Class Period.  Plaintiffs and the other members of the Class purchased or otherwise acquired Coupang common stock relying upon the integrity of the market price of the Company's common stock and market information relating to Coupang and have been damaged thereby.

61.    During the Class Period, Defendants materially misled the investing public, thereby inflating the price of Coupang common stock, by publicly issuing false and/or misleading statements and/or omitting to disclose material facts necessary to make Defendants' statements, as set forth herein, not false and/or misleading.  The statements and omissions were materially false and/or misleading because they failed to disclose material adverse information and/or misrepresented the truth about Coupang's business, operations, and prospects as alleged herein.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE
FEDERAL SECURITIES LAWS - 15

These material misstatements and/or omissions had the cause and effect of creating in the market an unrealistically positive assessment of the Company and its business, thus causing the Company's common stock to be overvalued and artificially inflated or maintained at all relevant times. Defendants' materially false and/or misleading statements during the Class Period directly or proximately caused or were a substantial contributing cause of the damages sustained by Plaintiffs and other members of the Class who purchased or otherwise acquired the Company's common stock at artificially inflated prices and were harmed when the truth was revealed.

## SCIENTER ALLEGATIONS

62.     As alleged herein, Defendants acted with scienter in that Defendants knew or were reckless as to whether the public documents and statements issued or disseminated in the name of the Company were materially false and misleading; knew or were reckless as to whether such statements or documents would be issued or disseminated to the investing public, and knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the federal securities laws.

63.     As set forth herein, the Individual Defendants, by virtue of their receipt of information reflecting the true facts regarding Coupang, their control over, receipt, and/or modification of Coupang's allegedly materially misleading statements and omissions, and/or their positions with the Company that made them privy to confidential information concerning Coupang, participated in the fraudulent scheme alleged herein.

## INAPPLICABILITY OF STATUTORY SAFE HARBOR

64.     As a result of their purchases of Coupang's common stock during the Class Period, Plaintiffs and other members of the Class suffered economic loss, *i.e.*, damages, under the federal securities laws.

65.     In the alternative, to the extent that the statutory safe harbor is determined to apply to any forward-looking statements pleaded herein, Defendants are liable for those false forward-looking statements because at the time each of those forward-looking statements was made, the speaker had actual knowledge that the forward-looking statement was materially false or

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

misleading, and/or the forward-looking statement was authorized or approved by an executive officer of Coupang who knew that the statement was false when made.

## LOSS CAUSATION

66.    Defendants' wrongful conduct, as alleged herein, directly and proximately caused the economic loss, *i.e.*, damages, suffered by Plaintiffs and the Class.

67.    As detailed herein, during the Class Period, Defendants made materially false and misleading statements and omissions and engaged in a scheme to deceive the market.   This artificially inflated the prices of Coupang common stock and operated as a fraud or deceit on the Class.  When Defendants' prior misrepresentations, information alleged to have been concealed, fraudulent conduct, and/or the effect thereof were disclosed to the market, the price of Coupang common stock fell precipitously, as the prior artificial inflation came out of the price.

## APPLICABILITY OF PRESUMPTION OF RELIANCE
## (FRAUD-ON-THE-MARKET DOCTRINE)

68.    The market for Coupang common stock was open, well-developed, and efficient at all relevant times.  As a result of the materially false and/or misleading statements and/or failures to disclose particularized in this Complaint, Coupang common stock traded at artificially inflated and/or maintained prices during the Class Period.   Plaintiffs and other members of the Class purchased the Company's common stock relying upon the integrity of the market price of Coupang common stock and market information relating to Coupang and have been damaged thereby.

69.    At all times relevant, the market for Coupang common stock was an efficient market for the following reasons, among others:

      a.    Coupang common stock were listed and actively traded on NYSE, a highly efficient and automated market;

      b.    As a regulated issuer, Coupang filed periodic public reports with the SEC and/or the NYSE;

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE
FEDERAL SECURITIES LAWS - 17

c.  Coupang regularly communicated with public investors via established market communication mechanisms, including through regular dissemination of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and/or

d.  Coupang was followed by securities analysts employed by brokerage firms who wrote reports about the Company, and these reports were distributed to the sales force and certain customers of their respective brokerage firms.  Each of these reports was publicly available and entered the public marketplace.

70.  As a result of the foregoing, the market for Coupang common stock promptly digested current information regarding Coupang from all publicly available sources and reflected such information in the price of Coupang common stock.  Under these circumstances, all purchasers and acquirers of Coupang common stock during the Class Period suffered similar injury through their purchase and/or acquisition of common stock at artificially inflated prices, and a presumption of reliance applies.

71.  A Class-wide presumption of reliance is also appropriate in this action under the Supreme Court's holding in *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972), because the Class's claims are, in large part, grounded in Defendants' material misstatements and/or omissions.  Because this action involves Defendants' failure to disclose material adverse information regarding the Company's business, operations, and prospects—information that Defendants were obligated to disclose during the Class Period but did not—positive proof of reliance is not a prerequisite to recovery.  All that is necessary is that the facts withheld be material in the sense that a reasonable investor might have considered them important in the making of investment decisions.  Given the importance of the Class Period material misstatements and omissions set forth above, that requirement is satisfied here.

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## COUNTS AGAINST DEFENDANTS

## COUNT I

**For Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder**

**Against All Defendants**

72.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

73.     Defendants carried out a plan, scheme, and course of conduct that was intended to and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiffs and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of Coupang common stock; and (iii) cause Plaintiffs and other members of the Class to purchase or otherwise acquire Coupang common stock at artificially inflated prices.  In furtherance of this unlawful scheme, plan, and course of conduct, Defendants, and each of them, took the actions set forth herein.

74.     Defendants: (i) employed devices, schemes, and artifices to defraud; (ii) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (iii) engaged in acts, practices, and a course of conduct that operated as a fraud and deceit upon the purchasers and acquirers of the Company's common stock in an effort to maintain artificially high market prices for Coupang common stock in violation of Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.  All Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

75.     Defendants, individually and in concert, directly and indirectly, by the use, means, or instrumentalities of interstate commerce and/or the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about Coupang's business, operations, and prospects, as specified herein.  Defendants employed devices, schemes, and

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE
FEDERAL SECURITIES LAWS - 19

artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of Coupang's business, operations, and prospects, which included the making of, or the participation in the making of, untrue statements of material facts and/or omitting to state material facts necessary in order to make the statements made about Coupang and its business, operations, and future prospects in light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices, and a course of conduct of business that operated as a fraud and deceit upon the purchasers of the Company's common stock during the Class Period.

76.    Each of the Individual Defendants' primary liability and controlling-person liability, arises from the following facts: (i) each of the Individual Defendants was a high-level executive and/or director at the Company and a member of the Company's management team or had control thereof; (ii) each of the Individual Defendants, by virtue of his responsibilities and activities as a senior officer and/or director of the Company, was privy to and participated in the creation, development, and reporting of the Company's business, operations, and prospects; (iii) each of the Individual Defendants enjoyed significant personal contact and familiarity with the other Defendants and was advised of and had access to, other members of the Company's management team, internal reports, and other data and information about the Company's financial condition and performance at all relevant times; and (iv) each of the Individual Defendants was aware of the Company's dissemination of information to the investing public, which they knew and/or recklessly disregarded was materially false and misleading.

77.    Defendants had actual knowledge of the misrepresentations and/or omissions of material facts set forth herein or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such Defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing Coupang's operating condition, business practices, and

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE
FEDERAL SECURITIES LAWS - 20

prospects from the investing public and supporting the artificially inflated and/or maintained price of its common stock.  As demonstrated by Defendants' misstatements of the Company's business, operations, and prospects, Defendants, if they did not have actual knowledge of the misrepresentations and/or omissions alleged, were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

78.    As a result of the dissemination of the materially false and/or misleading information and/or failure to disclose material facts, as set forth above, the market price of Coupang common stock was artificially inflated, and relying directly or indirectly on the false and misleading statements made by Defendants or upon the integrity of the market in which the shares and stock traded or trades, and/or in the absence of material adverse information that was known or recklessly disregarded by Defendants, but not disclosed in public statements by Defendants, Plaintiffs and the other members of the Class purchased or otherwise acquired Coupang common stock during the Class Period at artificially inflated prices and were damaged thereby.

79.    At the time of said misrepresentations and omissions, Plaintiffs and other members of the Class were ignorant of their falsity and believed them to be true.  Had Plaintiffs, the other members of the Class, and the marketplace known of the truth regarding the problems that Coupang was experiencing, which were not disclosed by Defendants, Plaintiffs and other members of the Class would not have purchased or acquired Coupang common stock, or, if they had purchased or acquired such shares or stock during the Class Period, they would not have done so at the artificially inflated prices that they paid.

80.    By virtue of the foregoing, Defendants each violated § 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

81.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs and the other members of the Class suffered damages in connection with their purchases of the Company's common stock during the Class Period.

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## COUNT II

### For Violations of Section 20(a) of the Exchange Act

### Against the Individual Defendants

82.    Plaintiffs repeat and re-allege each and every allegation contained above as if fully set forth herein.

83.    The Individual Defendants acted as controlling persons of Coupang within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their high-level positions with the Company, participation in, and/or awareness of the Company's operations, and intimate knowledge of the false statements filed by the Company with the SEC and disseminated to the investing public, the Individual Defendants had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements that Plaintiffs contend are false and misleading.  Each of the Individual Defendants was provided with or had unlimited access to copies of the Company's reports, press releases, public filings, and other statements alleged by Plaintiffs to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

84.    In particular, the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

85.    As set forth above, Defendants each violated § 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint.  By virtue of their position as controlling persons, the Individual Defendants are liable pursuant to § 20(a) of the Exchange Act.  As a direct and proximate result of these Defendants' wrongful conduct, Plaintiffs and other members of the Class suffered damages in connection with their purchases and acquisitions of the Company's common stock during the Class Period.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**PRAYER FOR RELIEF**

86.     WHEREFORE, Plaintiffs, individually and on behalf of the Class, pray for relief and judgment as follows:

a)      Declaring this action to be a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Class defined herein;

b)      Awarding Plaintiffs and the other members of the Class damages in an amount that may be proven at trial, together with interest thereon;

c)      Awarding Plaintiffs and the members of the Class pre-judgment and post-judgment interest, as well as their reasonable attorneys' and experts' witness fees and other costs; and

d)      Awarding such other relief as this Court deems appropriate.

**JURY DEMAND**

87.     Plaintiffs demand a trial by jury.

Dated: January 6, 2026                    Respectfully Submitted,

                                          **KELLER ROHRBACK L.L.P.**

                                          By: s/  Juli E. Farris
                                          Juli E. Farris, WSBA #17593

                                          By: s/  Laura R. Gerber
                                          Laura R. Gerber, WSBA #34981

                                          1201 Third Avenue, Suite 3400
                                          Seattle, Washington 98101
                                          Telephone: (206) 623-1900
                                          jfarris@kellerrohrback.com
                                          lgerber@kellerrohrback.com

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE
FEDERAL SECURITIES LAWS - 23

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**SAXENA WHITE P.A.**
Marco A. Dueñas (*pro hac vice* forthcoming)
10 Bank Street, Suite 882
White Plains, NY 10606
Tel.: (914) 437-8551
Fax: (888) 631-3611
mduenas@saxenawhite.com

*Counsel for Plaintiffs Hakrae Lee and Min Kyun Park*

Brian A. Ratner (*pro hac vice* forthcoming)
Timothy S. Kearns (*pro hac vice* forthcoming)
**HAUSFELD LLP**
1200 17th Street, NW Suite 600
Tel: (202) 540-7200
Fax: (202) 540-7201
bratner@hausfeld.com
tkearns@hausfeld.com

Christopher L. Lebsock (*pro hac vice* forthcoming)
**HAUSFELD LLP**
580 California Street
12th Floor
San Francisco, CA 94104
Tel: (415) 633-1908
Fax: (415) 633-4980
clebsock@hausfeld.com

YoungKi Rhee (*pro hac vice* forthcoming)
**WE THE PEOPLE LAW GROUP**
Chingyang Building, 7/F
47Kyonggidae-ro, Seodaemun-gu
Seoul, South Korea 03752
Tel: 82-2-2285-0062
ykrhee@wethepeople.co.kr

*Additional Counsel for Plaintiffs Hakrae Lee and Min Kyun Park*

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE
FEDERAL SECURITIES LAWS - 24

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## CERTIFICATION AND AUTHORIZATION

I, Hakrae Lee, hereby certify as to the claims asserted under the federal securities laws, that:

1.    I have reviewed a complaint prepared against Coupang, Inc. ("Coupang") alleging violations of the federal securities laws and authorize its filing.

2.    I did not purchase the securities that are the subject of this action at the direction of counsel or in order to participate in any action arising under the federal securities laws.

3.    I am willing to serve as a representative party on behalf of the Class, including providing testimony at deposition and trial, if necessary. I fully understand the duties and responsibilities of the lead plaintiff under the Private Securities Litigation Reform Act of 1995, including the selection and retention of counsel and overseeing the prosecution of the action for the Class.

4.    My transactions in Coupang common stock during the Class Period are set forth in the attached Schedule A.

5.    I have not, within the three years preceding the date of this certification, sought to serve as a lead plaintiff and/or representative party on behalf of a class in any action involving alleged violations of the federal securities laws.

6.    I will not accept any payment for serving as a representative party on behalf of the Class beyond my pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the Class, as ordered or approved by the Court.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed this __2___ day of January, 2026.

_____
Hakrae Lee

### SCHEDULE A
### Hakrae Lee
### Transactions in Coupang, Inc.

| Common Stock Purchases | | |
|---|---|---|
| **Date** | **Shares** | **Price** |
| 05/07/25 | 0.298521 | $24.118900 |
| 05/14/25 | 0.268495 | $25.996700 |
| 05/21/25 | 0.263879 | $27.057799 |
| 05/29/25 | 0.255775 | $28.227900 |
| 06/04/25 | 0.257611 | $27.987900 |
| 06/11/25 | 0.253728 | $28.849701 |
| 06/18/25 | 0.257971 | $28.258901 |
| 06/25/25 | 0.250448 | $28.508900 |
| 07/02/25 | 0.241683 | $30.328902 |
| 07/09/25 | 0.239290 | $30.297898 |
| 07/16/25 | 0.235804 | $30.448898 |
| 07/23/25 | 0.227787 | $31.388898 |
| 07/30/25 | 0.235542 | $30.397899 |
| 08/20/25 | 0.251236 | $28.499001 |
| 08/27/25 | 0.248704 | $28.748999 |

| Common Stock Sales | | |
|---|---|---|
| **Date** | **Shares** | **Price** |
| 06/26/25 | 10.000000 | $28.941200 |
| 06/30/25 | 1.000000 | $29.761200 |

3

## CERTIFICATION AND AUTHORIZATION

I, Min Kyun Park, hereby certify as to the claims asserted under the federal securities laws, that:

1.      I have reviewed a complaint prepared against Coupang, Inc. ("Coupang") alleging violations of the federal securities laws and authorize its filing.

2.      I did not purchase the securities that are the subject of this action at the direction of counsel or in order to participate in any action arising under the federal securities laws.

3.      I am willing to serve as a representative party on behalf of the Class, including providing testimony at deposition and trial, if necessary. I fully understand the duties and responsibilities of the lead plaintiff under the Private Securities Litigation Reform Act of 1995, including the selection and retention of counsel and overseeing the prosecution of the action for the Class.

4.      My transactions in Coupang common stock during the Class Period are set forth in the attached Schedule A.

5.      I have not, within the three years preceding the date of this certification, sought to serve as a lead plaintiff and/or representative party on behalf of a class in any action involving alleged violations of the federal securities laws.

6.      I will not accept any payment for serving as a representative party on behalf of the Class beyond my pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the Class, as ordered or approved by the Court.

1

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed this __2___ day of January, 2026.

Min Kyun Park

## SCHEDULE A
### Min Kyun Park
### Transactions in Coupang, Inc.

| Common Stock Purchases | | |
|---|---|---|
| Date | Shares | Price |
| 11/05/25 | 40.000000 | $31.800000 |

| Common Stock Sales | | |
|---|---|---|
| Date | Shares | Price |
| | | |

3