THE HONORABLE LAUREN KING

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

HAKRAE LEE and MIN KYUN PARK, Individually and On Behalf of All Others Similarly Situated,

                    Plaintiffs,

        v.

COUPANG, INC., COUPANG CORP., BOM SUK KIM, GAURAV ANAND, BRETT MATTHES, and TAE KIM,

                    Defendants.

Case No. 2:26-cv-00047-LK

CLASS ACTION

NESPF'S RESPONSE TO MOVANT GLEASON'S MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF COUNSEL

NOTE ON MOTION CALENDAR: MARCH 23, 2026

Proposed Lead Plaintiff the North East Scotland Pension Fund ("NESPF") respectfully submits this Opposition to the Motion to Appoint Lead Plaintiff by Movant Steven R. Gleason, (ECF No. 4).

NESPF'S RESPONSE TO MOVANT GLEASON'S MOTION FOR APPT OF LEAD PLAINTIFF AND APPROVAL OF COUNSEL (2:26-cv-00047-LK)

-1-

**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

## I.   INTRODUCTION

On February 17, 2026, NESPF moved through its authorized representative to be appointed as Lead Plaintiff in this action, and to have its choice of counsel, Grant & Eisenhofer P.A. and Cotchett Pitre & McCarthy LLP ("CPM"), approved as Lead Counsel and Liaison Counsel, respectively. ECF No. 6. The Private Securities Litigation Reform Act of 1995 ("PSLRA") instructs that "the court shall adopt a presumption that the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Now, considering all the movants, NESPF unquestionably has the "largest financial interest" as it acquired 720,411 shares during the relevant period, on which it has losses of over $7 million.

Two other investors have moved for appointment as Lead Plaintiff: (i) Steven R. Gleason, who alleges losses of approximately $37,200 (ECF No. 4); and (ii) Meir Dahan, who alleges losses of approximately $24,237 (ECF No. 8). Each competing movant's alleged losses represent only a small fraction of NESPF's more than $7 million in losses. In light of that disparity, Mr. Dahan withdrew his motion, acknowledging that he "does not have the 'largest financial interest' in this litigation within the meaning of the PSLRA." ECF No. 18. Mr. Gleason is now the sole remaining competing movant.

As discussed in Section II.A, NESPF has the largest financial interest under each of the factors courts in this District consider when evaluating competing lead plaintiff motions. Therefore, NESPF has the largest financial interest in the outcome of this litigation and is the presumptive Lead Plaintiff. Further, for the reasons explained in its Motion, NESPF—a sophisticated institutional investor that manages billions in assets—is exactly the type of lead plaintiff Congress prefers to lead securities class actions. *See* ECF No. 6, § II.E.

Accordingly, NESPF respectfully requests that the Court deny the competing motion and appoint NESPF as Lead Plaintiff on behalf of all investors who purchased or acquired Coupang,

NESPF'S RESPONSE TO MOVANT
GLEASON'S MOTION FOR APPT OF LEAD
PLAINTIFF AND APPROVAL OF COUNSEL
(2:26-cv-00047-LK)                                              -2-

COTCHETT, PITRE & McCARTHY, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

Inc. ("Coupang") common stock between May 7, 2025 and December 16, 2025, inclusive (the "Class Period") (the "Class").

## II.    STATEMENT OF RELEVANT FACTS

On December 18, 2025, statutory notice was published alerting putative class members of the pendency of the action, the claims asserted, the proposed class period, and the right to move the court to be appointed as Lead Plaintiff by February 17, 2026. *See* ECF No. 7-1. NESPF timely filed its Motion on February 17, 2026, asserting losses of more than $7 million on a last in, first out ("LIFO") basis. *See* ECF No. 6.

On February 17, 2026, two other movants also filed motions for appointment as Lead Plaintiff: (i) Steven R. Gleason, who alleges losses of approximately $37,200 (ECF No. 4); and (ii) Meir Dahan, who alleges losses of approximately $24,237 (ECF No. 8). On February 27, 2026, Mr. Dahan withdrew his motion, acknowledging that he "does not have the 'largest financial interest' in this litigation within the meaning of the PSLRA." ECF No. 18. Accordingly, only two movants remain before the Court: NESPF and Mr. Gleason.

## III.    ARGUMENT

### A.    NESPF is the Presumptive Lead Plaintiff

In determining the largest financial interest, courts in this District examine the following four factors: "(1) total shares purchased, (2) net shares purchased, (3) net funds expended, and (4) approximate loss suffered." *Lewis v. CytoDyn, Inc.*, No. C21-5190 BHS, 2021 WL 3709291, at *3 (W.D. Wash. Aug. 19, 2021) (citing *Frias v. Dendreon Corp.*, 835 F. Supp. 2d 1067, 1075, (W.D. Wash. 2011)). Courts in the Ninth Circuit have held that the fourth factor—approximate losses suffered—is "widely regarded as the factor commanding the most weight." *Peters v. Twist bioscience Corp.*, No. 22-cv-8168-EJD, 2023 WL 4849431, at *4 (N.D. Cal. July 28, 2023). In calculating "approximate loss suffered," courts in this District and throughout the Ninth Circuit routinely apply the last-in, first-out ("LIFO") methodology. *See Lewis*, 2021 WL 3709291, at *3–4; *see also Bodri v. Gopro, Inc.*, Nos. 16-cv-232-JST, 16-cv-598-JST, 16-cv-845-JST, 2016 WL 1718217, at *3 (N.D. Cal. Apr. 28, 2016) (applying LIFO methodology in determining which

NESPF'S RESPONSE TO MOVANT
GLEASON'S MOTION FOR APPT OF LEAD
PLAINTIFF AND APPROVAL OF COUNSEL
(2:26-cv-00047-LK)                                -3-

**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

movant has the greatest financial loss).  NESPF decisively ranks first under each of the relevant factors:

| Movant | Total Shares Purchased | Net Shares Purchased | Net Funds Expended | LIFO Loss |
|--------|----------|----------|----------|----------|
| NESPF | 720,411 | 681,770 | $21,333,915 | $7,000,041 |
| Steven R. Gleason | 6,000 | 6,000 | $175,380 | $37,200 |

*See* ECF No. 7-2 (NESPF Certification); ECF No. 5 at Ex. A (Gleason Certification).

Accordingly, NESPF has the "largest financial interest" by a wide margin and is the presumptive Lead Plaintiff.

### B.      NESPF Satisfies Rule 23

As explained in NESPF's Motion, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23" in order to be the presumptive Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  Courts need only consider the typicality and adequacy prongs of Rule 23 at the lead plaintiff appointment stage.  *See Dresner v. Silverback Therapeutics*, No. 21-cv-1499-TLF, 2022 WL 579318, at \*2 (W.D. Wash. Feb. 23, 2022); *see also In re Cavanaugh*, 306 F.3d 726, 730 n.5, 732 (9th Cir. 2002).

For the reasons explained in its Motion, NESPF is typical and adequate.  Specifically, NESPF's claims are typical because it: (1) purchased Coupang securities during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when corrective disclosures removed the inflation caused by Defendants' conduct, causing the price of Coupang securities to drop.  NESPF's claims are based on the same legal theories and arise from the same events and course of conduct as the Class's claims, and thus satisfy Rule 23(a)(3)'s typicality requirement.  *See Grant v. Broadmark Realty Capital Inc.*, No. 25-cv-1013-LK, 2025 WL 2939312, at \*2 (W.D. Wash. Oct. 15, 2025).  For these reasons, NESPF has demonstrated typicality.

NESPF also satisfies Rule 23's adequacy requirement because it will "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  NESPF does not have conflicts of

NESPF'S RESPONSE TO MOVANT
GLEASON'S MOTION FOR APPT OF LEAD
PLAINTIFF AND APPROVAL OF COUNSEL
(2:26-cv-00047-LK)

-4-

interest with other Class members, and its interests are fully aligned with those of the Class—including retail investors who suffered losses during the Class Period.  As a sophisticated institutional investor with a substantial financial stake in the litigation, NESPF has the resources, experience, and expertise to vigorously represent the Class and prosecute the Action.  Courts routinely recognize that institutional investors are the type of lead plaintiffs Congress intended to encourage under the PSLRA, and that such investors are particularly well positioned to supervise counsel and maximize recovery for the Class.  *See Frias v. Dendreon Corp.*, 835 F. Supp. 2d 1067, 1076 (W.D. Wash. 2011) (appointing "a sophisticated institutional investor, which is 'exactly the type of lead plaintiff envision[ed] by Congress when it instituted the lead plaintiff requirements.'") (internal citation omitted); *see also* Motion, § II.E.

NESPF has also demonstrated that it satisfies Rule 23 because it has negotiated with its proposed Lead Counsel, Grant & Eisenhofer, for a percentage fee that is significantly below amounts previously endorsed in this Circuit.  *See, e.g., In re Cendant Corp. Litig.*, 264 F.3d 201, 265 (3d Cir. 2001) (stating that "one of the best ways for a court to ensure that [a lead plaintiff] will fairly and adequately represent the interests of the class is to inquire whether the movant has demonstrated a willingness and ability to select competent class counsel and to negotiate a reasonable retainer agreement"); *In re Petrobras Secs. Litig.*, 104 F. Supp. 3d 618, 624 (S.D.N.Y. 2015) (movant was adequate because it "vetted its chosen counsel extensively and negotiated for a more favorable fee agreement").

Finally, as explained in its Motion, NESPF has experience serving as lead plaintiff in securities class actions and working vigorously to obtain the maximum recovery on behalf of similarly situated investors.  *See* ECF No. 6, § II.E.

**C.    No Other Movant Can Rebut the Presumption that NESPF is the Most Adequate Plaintiff**

As explained, NESPF has the largest financial interest in the litigation, and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. It is therefore the

presumptive Lead Plaintiff under the PSLRA. Further, no competing Lead Plaintiff movant will be able to rebut that presumption.

The presumption may be rebutted "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii) (emphasis added).

Here, no competing Lead Plaintiff could submit any proof that NESPF would not fairly and adequately protect the interests of the Class or would be subject to unique defenses rendering it incapable of representing the Class.  NESPF has demonstrated its ability to adequately protect the interests of absent class members in securities class actions.  *See In re Under Armour Sec. Litig.*, No. 1:17-cv-388-RDB (D. Md.) (NESPF serving as lead plaintiff and securing a $434 million recovery for the class).

**D.      The Court Should Approve NESPF's Selection of Counsel**

For the reasons set forth in NESPF's Motion, the Court should also approve NESPF's selection of Grant & Eisenhofer and CPM as Lead Counsel and Liaison Counsel, respectively. The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, with the Court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should not interfere with a Lead Plaintiff's selection of counsel unless doing so is necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, NESPF has selected Grant & Eisenhofer as proposed Lead Counsel for the Class and CPM as Liaison Counsel for the Class. As Grant & Eisenhofer's resume reflects, the firm is highly experienced in the area of securities class action litigation, and has successfully achieved significant recoveries for aggrieved investors pursuing similar claims to those presented in this litigation on many occasions.  *See* ECF No. 7-4 (Grant & Eisenhofer Firm Resume).  Likewise, CPM is a preeminent West Coast–based consumer and securities litigation firm with a significant

NESPF'S RESPONSE TO MOVANT
GLEASON'S MOTION FOR APPT OF LEAD
PLAINTIFF AND APPROVAL OF COUNSEL
(2:26-cv-00047-LK)                    -6-

**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

presence in Seattle, well positioned to serve effectively as Liaison Counsel in this District. *See* ECF No. 7-5 (CPM Firm Resume).

**IV.    CONCLUSION**

For the foregoing reasons, and for the reasons stated in its Motion and accompanying exhibits, NESPF respectfully requests that this Court deny Movant Gleason's Motion to Appoint Lead Counsel and Approval of Counsel (ECF No. 4) and issue an Order: (1) appointing NESPF as Lead Plaintiff for the Class; (2) approving NESPF's selection of Grant & Eisenhofer as Lead Counsel for the Class and CPM as Liaison Counsel for the Class; and (3) granting such other relief as the Court may deem just and proper.

I certify that this memorandum contains 1,804 words, excluding the caption, signature blocks, and certificate of service in compliance with the Local Civil Rules.

NESPF'S RESPONSE TO MOVANT
GLEASON'S MOTION FOR APPT OF LEAD
PLAINTIFF AND APPROVAL OF COUNSEL
(2:26-cv-00047-LK)                                        -7-

**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

DATED: March 4, 2026

Respectfully submitted,

COTCHETT PITRE & MCCARTHY LLP

By: */s/ Karin B. Swope*
    Karin B. Swope

Thomas E. Loeser
Karin B. Swope
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel.: (206) 802-1272
Fax: (206) 299-4184
Email: tloeser@cpmlegal.com

*Liaison Counsel*

Karin E. Fisch (*pro hac vice* forthcoming)
Vincent J. Pontrello (*pro hac vice* forthcoming)
GRANT & EISENHOFER P.A.
485 Lexington Avenue
New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
Email: kfisch@gelaw.com
Email: vpontrello@gelaw.com

*Counsel for NESPF and Proposed Lead Counsel for the Class*

NESPF'S RESPONSE TO MOVANT
GLEASON'S MOTION FOR APPT OF LEAD
PLAINTIFF AND APPROVAL OF COUNSEL
(2:26-cv-00047-LK)

-8-

**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

**Certificate of Service**

The undersigned hereby certifies that on March 4, 2026 the foregoing document was filed via the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record.

By: */s/ Karin B. Swope*
Karin B. Swope

NESPF'S RESPONSE TO MOVANT
GLEASON'S MOTION FOR APPT OF LEAD
PLAINTIFF AND APPROVAL OF COUNSEL
(2:26-cv-00047-LK)                    -9-

**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272