9The Honorable Theresa L. Fricke

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

HAKRAE LEE and MIN KYUN PARK, Individually and on Behalf of All Others Similarly Situated,

            Plaintiff,

    v.

COUPANG, INC., COUPANG CORP., BOM SUK KIM, GAURAV ANAND, BRETT MATTHES, and TAE KIM,

            Defendants.

No. 2:26-cv-00047-TLF

**STEVEN R. GLEASON'S OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**

NOTE ON MOTION CALENDAR: Tuesday, March 10, 2026

ORAL ARGUMENT REQUESTED CLASS ACTION

OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS.
No. 2:26-cv-00047-TLF - 1

**TOWNSEND LEGAL, PLLC**
380 Winslow Way, Suite 200
Bainbridge Island, WA 98110 Tel: 206-761-2480

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ...........................................................................................................1

ARGUMENT....................................................................................................................................1

      A.     THE PROCESS FOR APPOINTING A LEAD PLAINTIFF UNDER THE PSLRA. ...................................................................................................1

          1.    Mr. Gleason Is More Motivated to Litigate the Action. ...................2

          2.    The Court Should Appoint Aberdeen and Mr. Gleason as Co-Lead Plaintiffs..........................................................................................2

CONCLUSION.................................................................................................................................8

OPPOSITION TO COMPETING LEAD PLAINTIFF
MOTIONS.
No. 2:26-cv-00047-TLF - i

**TOWNSEND LEGAL, PLLC**
380 Winslow Way, Suite 200
Bainbridge Island, WA 98110 Tel: 206-761-2480

## TABLE OF AUTHORITIES

**Cases**

*In re Bank of Am. Corp. Sec. Derivative & ERISA Litig.,*
258 F.R.D. 260 (S.D.N.Y. 2009)..................................................................................... 3

*Bell v. Ascendant Solutions, Inc.,*
No. 3:01-cv-0166-P, 2002 U.S. Dist. LEXIS 6850 (N.D. Tex. Apr. 18, 2002) ....................... 7

*Berg v. Guthart,*
No. 5:14-CV-00515-EJD, 2014 U.S. Dist. LEXIS 105357 (N.D. Cal. July 30, 2014)............... 2

*Burke v. Ruttenberg,*
102 F. Supp. 2d 1280, 1297 (N.D. Ala. 2000).................................................................. 2

*Burnham v. Qutoutiao Inc.,*
No. 20-CV-6707 (SHS), 2020 U.S. Dist. LEXIS 206752 (S.D.N.Y. Nov. 4, 2020)................... 4

*In re Cable & Wireless, PLC Sec. Litig.,*
217 F.R.D. 372 (E.D. Va. 2003)..................................................................................... 8

*China Agritech, Inc. v. Resh,*
138 S. Ct. 1800 (2018) ................................................................................................ 4

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
269 F.R.D. 291 (S.D.N.Y. 2010) ................................................................................... 4

*Fan Wang v. Athira Pharma, Inc.,*
No. C21-861 TSZ, 2021 U.S. Dist. LEXIS 192248 (W.D. Wash. Oct. 5, 2021)....................... 5

*Faris v. Longtop Fin. Techs. Ltd.,*
No. 11 Civ. 3658 (SAS); 11 Civ. 3661 (SAS), 2011 U.S. Dist. LEXIS 112970, Fed. Sec. L.
Rep. (CCH) P96,562 (S.D.N.Y. Oct. 4, 2011) ................................................................. 3

*Foley v. Transocean Ltd.,*
272 F.R.D. 126 (S.D.N.Y. 2011)................................................................................... 3

*Freudenberg v. E*Trade Fin. Corp.,*
No. 07-CV-8538, 2008 U.S. Dist. LEXIS 62767 (S.D.N.Y. July 16, 2008).......................... 5, 6

*Garden City Emples. Ret. Sys. v. Psychiatric Sols., Inc.,*
No. 3:09-cv-00882, 2010 U.S. Dist. LEXIS 42915 (M.D. Tenn. Apr. 30, 2010) ..................... 2

*In re Lucent Techs., Inc. Sec. Litig.,*
221 F. Supp. 2d 472 (D.N.J. 2001)................................................................................. 6

*Johnson v. Pozen, Inc.,*
No. 07-CV-599, 2008 U.S. Dist. LEXIS 12004 (M.D.N.C. Feb. 15, 2008) ............................. 5

OPPOSITION TO COMPETING LEAD PLAINTIFF
MOTIONS.
No. 2:26-cv-00047-TLF - ii

**TOWNSEND LEGAL, PLLC**
380 Winslow Way, Suite 200
Bainbridge Island, WA 98110 Tel: 206-761-2480

*Kuriakose v. Fed. Home Loan Mortg. Co.*,
   No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506 (S.D.N.Y. Nov. 24, 2008) ..................... 3

*Laborers Local 1298 Pension Fund v. Campbell Soup Co.*,
   No. 00-152 (JEI), 2000 U.S. Dist. LEXIS 5481 (D.N.J. April 24, 2000) ............................. 2, 7

*Martin v. BioXcel Therapeutics, Inc., et. al.*,
   Case No. 3:23-cv-00915-SVN (D. Conn. Oct. 4, 2023) ................................................. 6

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ................................................................... 8

*Pelletier v. Endo Int'l PLC*,
   No. 17-cv-5114, 2021 U.S. Dist. LEXIS 21207 (E.D. Pa. Feb. 4, 2021) .................................... 5

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
   229 F.R.D. 395 (S.D.N.Y. 2004) ................................................................... 7

*Plumbers & Pipefitters Local 51 Pension Fund v. First Bancorp*,
   409 F. Supp. 2d 482 (S.D.N.Y. 2006) ............................................................... 7

*Reitan v. China Mobile Games & Ent. Group, Ltd.*,
   68 F. Supp. 3d 390 (S.D.N.Y. 2014) ............................................................... 4

*Spurbeck v. Petco Health & Wellness Co., Inc.*,
   No. 25-CV-1667 JLS (VET), 2025 U.S. Dist. LEXIS 229693 (S.D. Cal. Nov. 20, 2025) ......... 6

*In re Star Gas Sec. Litig.*,
   No. 3:04cv1766 (JBA), 2005 U.S. Dist. LEXIS 5827 (D. Conn. Apr. 8, 2005) ........................ 7

*Winter v. Stronghold Digital Mining, Inc., et. al.*,
   Case No. 1:22-cv-03088-RA (S.D.N.Y. Aug. 04, 2022) ................................................. 6

*Yousefi v. Lockheed Martin Corp.*,
   70 F. Supp. 2d 1061 (C.D. Cal. 1999) ............................................................... 6

**Statutes**

15 U.S.C. §78u-4 ...................................................................................... 1, 2, 4

OPPOSITION TO COMPETING LEAD PLAINTIFF
MOTIONS.
No. 2:26-cv-00047-TLF - iii

**TOWNSEND LEGAL, PLLC**
380 Winslow Way, Suite 200
Bainbridge Island, WA 98110 Tel: 206-761-2480

## PRELIMINARY STATEMENT

In any class action securities litigation matter, the shareholder with the largest financial interest in the outcome of the litigation is ordinarily appointed as the lead plaintiff to oversee the action. On occasion the court will appoint more than one shareholder to serve in this capacity, such as when the class would be best served by broader representation from more than one investor. That is the case here. Movant Steven R. Gleason lost approximately $37,200.00 on his Coupang, Inc. ("Coupang") investment. This amount represents a significantly more meaningful percentage of Mr. Gleason's overall savings and investment portfolio than the $7,000,041.00 loss sustained by the Aberdeen City Council as Administrating Authority for the North East Scotland Pension Fund ("Aberdeen"), who claims approximately £6.2 billion in net investment assets (or approximately US$8.3 billion). Unquestionably, maximizing the potential recovery in this action would be exceedingly more important to Mr. Gleason than Aberdeen. Thus, Mr. Gleason is uniquely qualified to represent the interests of other retail investors who, like himself, are depending heavily on the outcome of this lawsuit and who make up nearly 15% of all outstanding Coupang investors. Similar to the cases cited below, he should be appointed as a "co-lead" plaintiff along with Aberdeen and its counsel appointed as "co-lead" counsel.

## ARGUMENT

### A.   THE PROCESS FOR APPOINTING A LEAD PLAINTIFF UNDER THE PSLRA.

The PSLRA sets forth the procedure for the selection of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). Following the required notice announcing the class action, class members interested in serving as lead plaintiff are required to file a motion seeking appointment within 60 days thereafter. 15 U.S.C. §78u-4(a)(3)(A)(i). From the movants that file timely motions, the presumptive "most adequate plaintiff" is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15

OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS.
No. 2:26-cv-00047-TLF - 1

**TOWNSEND LEGAL, PLLC**
380 Winslow Way, Suite 200
Bainbridge Island, WA 98110 Tel: 206-761-2480

U.S.C. §78u-4(a)(3)(B)(iii)(I).

### 1.    Mr. Gleason Is More Motivated to Litigate the Action.

With a loss of $37,200.00 in his Coupang investment, Mr. Gleason has a substantial interest in the outcome of this litigation. This loss represents approximately 7% of Mr. Gleason's overall investment portfolio. While Aberdeen sustained a loss of $7,176,922.11, that amount is a mere fraction of its overall assets under management. Indeed, based on Aberdeen's net investment assets of US$8.3 billion, its loss in connection with Coupang amounts to less than 0.1% of its portfolio. Logically, Mr. Gleason, like other retail investors who suffered similar losses relative to their overall portfolios, is much more motivated to litigate this action than Aberdeen or any other institutional investor who is not dependent on achieving any particular recovery in the lawsuit. *See Berg v. Guthart*, No. 5:14-CV-00515-EJD, 2014 U.S. Dist. LEXIS 105357, at *19 (N.D. Cal. July 30, 2014) ("Because his Intuitive stock represents such a large percentage of his portfolio, Berg will certainly be motivated to pursue this case vigorously."); *Garden City Emples. Ret. Sys. v. Psychiatric Sols., Inc.,* No. 3:09-cv-00882, 2010 U.S. Dist. LEXIS 42915, at *12 (M.D. Tenn. Apr. 30, 2010) ("To be sure, the plaintiff with the larger numeric loss is not automatically the plaintiff with the 'largest financial interest.' . . . some courts measure the 'largest financial interest' by a plaintiff's losses as a percentage of its assets or holdings." (citations omitted) (citing *Burke v. Ruttenberg*, 102 F. Supp. 2d 1280, 1297, 1342 (N.D. Ala. 2000)); *Laborers Local 1298 Pension Fund v. Campbell Soup Co.,* No. 00-152 (JEI), 2000 U.S. Dist. LEXIS 5481, at *5-6 (D.N.J. April 24, 2000) ("some courts measure the 'largest financial interest' by a plaintiff's losses as a percentage of its assets or holdings.").

### 2.    The Court Should Appoint Aberdeen and Mr. Gleason as Co-Lead Plaintiffs.

The PSLRA provides a "presumption" of lead plaintiff in favor of the movant with the "largest financial interest" in the litigation that also satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23. Mr. Gleason and Aberdeen possess the "largest financial interest" in the litigation, as demonstrated above. In addition, Mr. Gleason is typical of

the other members of the class and adequate to serve as lead plaintiff, and therefore should be appointed co-lead plaintiff in this action. *See* Mr. Gleason's Opening Brief, ECF No. 4 at 8-10.

"At the lead plaintiff stage of the litigation, in contrast to the class certification stage, 'a proposed lead plaintiff need only make a 'preliminary showing that it will satisfy the typicality and adequacy requirements of Rule 23.'" *Faris v. Longtop Fin. Techs. Ltd.,* No. 11 Civ. 3658 (SAS); 11 Civ. 3661 (SAS), 2011 U.S. Dist. LEXIS 112970, Fed. Sec. L. Rep. (CCH) P96,562, at *12 (S.D.N.Y. Oct. 4, 2011) (quoting *In re Bank of Am. Corp. Sec. Derivative & ERISA Litig.,* 258 F.R.D. 260, 268 (S.D.N.Y. 2009)). "Typicality 'requires that the claims of the class representatives be typical of those of the class and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id*. Mr. Gleason has indeed made this *prima facie* showing of typicality and adequacy—as explained in Mr. Gleason's opening brief, his claims are based on the same legal theory and arise out of the same course of events as the other purported class members' claims. *See* ECF No. 4 at 8-9. Further, Mr. Gleason purchased Coupang securities at artificially inflated prices and sustained damages as a result thereof, just like the other purported class members. *Id*. These facts are routinely held to be sufficient to satisfy the preliminary threshold inquiry of typicality at the lead plaintiff stage. *See Kuriakose v. Fed. Home Loan Mortg. Co.*, No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506, at *13-14 (S.D.N.Y. Nov. 24, 2008).

Similarly, Mr. Gleason also meets the adequacy requirements for serving as co-lead plaintiff. To satisfy the adequacy requirement at this stage of the proceedings, Mr. Gleason must make a preliminary showing that "(1) [his choice of] class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) [he has] a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.,* 272 F.R.D. 126, 131 (S.D.N.Y. 2011). Mr. Gleason's interests are aligned with other members of the class, as there is no evidence of any antagonism between him and the other class members. *See* ECF No. 4 at 9; *Reitan v. China Mobile*

OPPOSITION TO COMPETING LEAD PLAINTIFF
MOTIONS.
No. 2:26-cv-00047-TLF - 3

**TOWNSEND LEGAL, PLLC**
380 Winslow Way, Suite 200
Bainbridge Island, WA 98110 Tel: 206-761-2480

*Games & Ent. Group, Ltd.*, 68 F. Supp. 3d 390, 400 (S.D.N.Y. 2014). Mr. Gleason also has a significant and compelling interest in litigating the claims in light of the substantial losses he has incurred. *See* ECF No. 5, Exh. B; *Burnham v. Qutoutiao Inc.*, No. 20-CV-6707 (SHS), 2020 U.S. Dist. LEXIS 206752, at *6-7 (S.D.N.Y. Nov. 4, 2020). Mr. Gleason's certification (submitted in support of his opening brief) evidences his willingness to serve as representative of the class. *See* Mr. Gleason's Certification, ECF No. 5, Exh. A. Mr. Gleason also submitted a declaration in support of his motion. *See* Mr. Gleason's Declaration, ECF No. 5, Exh. D. Mr. Gleason considers himself to be a sophisticated investor, having been investing in the stock market for over 30 years. *Id.* He resides in Austin, Minnesota, and possesses a Bachelor of Science in Finance. *Id.* Mr. Gleason is currently retired, but prior to retirement he worked at U. S. Bank where he was a commercial lender, and later a Trust officer. *Id.* Further, Mr. Gleason has experience overseeing attorneys, as he has hired attorneys for real estate and business matters. *Id.* Finally, Mr. Gleason's selection of Levi & Korsinsky, LLP as lead counsel and Townsend Legal, PLLC as liaison counsel evidences his adequacy to serve as lead plaintiff. Levi & Korsinsky, LLP and Townsend Legal, PLLC are firms with significant experience leading class action securities fraud lawsuits. *See* Firm Resumes, ECF No. 5, Exhs. E and F. This will ensure the vigorous and adequate prosecution of the Class's claims. *See City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.*, 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Facts such as these are regularly held sufficient in terms of meeting the threshold inquiry of adequacy at the lead plaintiff selection stage.

Together with Aberdeen, Mr. Gleason should be appointed co-lead plaintiff. The Court has the express authority to appoint more than one lead plaintiff under the PSLRA. *See* 15 U.S.C. §78u-4(a)(3)(B)(i) (The court "shall appoint as lead plaintiff the member or *members* of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members" (emphasis added)); *see also China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1807 n.3 (2018) (Supreme Court observing that "[d]istrict courts often permit aggregation of plaintiffs into plaintiff groups" and that "80% of securities class actions in post-

PSLRA data sample had two or more co-lead counsel firms"); *Fan Wang v. Athira Pharma, Inc.*, No. C21-861 TSZ, 2021 U.S. Dist. LEXIS 192248, at *9 (W.D. Wash. Oct. 5, 2021) (collecting cases) ("district courts have recognized circumstances in which appointment of co-lead plaintiffs is appropriate."). Appointing Mr. Gleason and his counsel to a "co-lead" structure would benefit the class for several reasons.

*First*, if appointed as co-lead plaintiff, Mr. Gleason would protect the class from unnecessary challenges to the other movants' standing, adequacy, and other unique defenses. *See Johnson v. Pozen, Inc.*, No. 07-CV-599, 2008 U.S. Dist. LEXIS 12004, at *7 (M.D.N.C. Feb. 15, 2008); *Freudenberg v. E\*Trade Fin. Corp.*, No. 07-CV-8538, 2008 U.S. Dist. LEXIS 62767, at *21 (S.D.N.Y. July 16, 2008) (appointing individual investor to protect against potential future conflicts). This will be necessary given Aberdeen's investment history in Coupang. Specifically, Mr. Gleason purchased his Coupang securities at various points during the class period, specifically in August and November 2025 when Aberdeen did not make any purchases. *Compare* Mr. Gleason's Loss Chart, ECF No. 5, Exh. B, *with* Aberdeen's Loss Chart, ECF No. 7-3. Since both movants purchased at various times during the class period, each movant will be able to provide a unique perspective into why they decided to invest in Coupang.

*Pelletier v. Endo Int'l PLC*, No. 17-cv-5114, 2021 U.S. Dist. LEXIS 21207 (E.D. Pa. Feb. 4, 2021), is instructive in this regard. In that case, the institutional investor was found "unable to adequately perform its role" as lead plaintiff. *Id.* at *32. The court replaced the lead plaintiff with another institutional investor and three individual investors. *Id*. at *34. Judge Michael M. Baylson explained his reasoning for appointing individuals as co-lead plaintiffs, stating in pertinent part that "they were actively involved personally, or through their personal relationships with investment advisors and stock brokers, and making decisions for the purchase or sale of Endo stock." *Id*. at *35-36. In addition, "this Court believes that having an institutional investor" as lead plaintiff and "three individuals serving as co-lead Plaintiffs, would provide a broad range of testimony going to the merits of the claim." *Id*. at *36.

*Second*, Mr. Gleason stands ready, willing and able to serve as lead plaintiff. His certification is accurate and correctly completed. *See* ECF. No. 5, Exh. A. He is "willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary." *Id*. at ¶ 3. Considering Mr. Gleason lives in Austin, Minnesota, just a short flight to Seattle, the class will benefit from Mr. Gleason's appointment due to the fact that he would be able to appear for deposition and/or trial on behalf of the class representatives. *See In re Lucent Techs., Inc. Sec. Litig.*, 221 F. Supp. 2d 472, 483 (D.N.J. 2001) (appointing co-lead plaintiffs provides "additional representation [that] may benefit the class and provide flexibility, if needed, in the future").

*Third*, Mr. Gleason will represent the individual- and retail-investor members of the class of Coupang shareholders if appointed to the "co-lead" structure. Courts around the country have approved the rationale behind appointing an individual investor to an otherwise institutional-led plaintiff group. As explained time and again, appointing an individual investor as a co-lead plaintiff allows the lead plaintiffs to "represent a broader range of shareholder interests than if the Court appointed an individual or an institutional investor alone." *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999); *accord Winter v. Stronghold Digital Mining, Inc., et. al.,* Case No. 1:22-cv-03088-RA (S.D.N.Y. Aug. 04, 2022) (appointing individual investor with institutional investor); *Martin v. BioXcel Therapeutics, Inc., et. al.*, Case No. 3:23-cv-00915-SVN (D. Conn. Oct. 4, 2023) (appointing individual investor with institutional investor); *Freudenberg*, 2008 U.S. Dist. LEXIS 62767, at *21 (appointing individual investor to protect against potential future conflicts); *Spurbeck v. Petco Health & Wellness Co., Inc.*, No. 25-CV-1667 JLS (VET), 2025 U.S. Dist. LEXIS 229693, at *12 (S.D. Cal. Nov. 20, 2025) (collecting cases) ("Courts have, however, appointed co-lead plaintiffs when doing so would ensure broader representation of all plaintiffs."). Similar to the *BioXcel* case, the individual and institutional movants here have "unique attributes that make them well suited to serve as co-Lead Plaintiffs." *Martin*, Case No. 3:23-cv-00915-SVN, Dkt. No. 79, p. 6. *See also In re Star Gas Sec. Litig.,* No.

OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS.
No. 2:26-cv-00047-TLF - 6

**TOWNSEND LEGAL, PLLC**
380 Winslow Way, Suite 200
Bainbridge Island, WA 98110 Tel: 206-761-2480

3:04cv1766 (JBA), 2005 U.S. Dist. LEXIS 5827, at *13 (D. Conn. Apr. 8, 2005) (appointing co-Lead Plaintiffs who all had "unique attributes").

*Campbell Soup* illustrates Mr. Gleason's argument here. In that case, the court appointed two individuals and a competing institutional investor to serve as lead plaintiffs. The institutional investor claimed a financial interest of nearly ten times larger than the individuals' losses. 2000 U.S. Dist. LEXIS 5481, at *5-6. The court acknowledged that the PSLRA "does not define whether the concept of 'largest financial interest' should be viewed in terms of absolute dollars or as a percentage of a plaintiff's net worth." *Id*. at *5. The court reasoned that the institutional investor's alleged loss was "a drop in the bucket" in reference to the "billions of dollars" it managed, whereas the claimed losses suffered by the individual investors amounts to a "substantial portion of their retirement funds." *Id*. at *7. Because the institution "has the largest financial interest in the suit, and the interest of [the individuals], combined, is the second largest," and the court "also consider[ed] it desirable to have both an institutional investor . . . and individual investors . . . included as lead plaintiffs since each may bring a unique perspective to the litigation," both the institution and individuals were appointed lead plaintiff. *Id*. at *11; *see also Plumbers & Pipefitters Local 51 Pension Fund v. First Bancorp*, 409 F. Supp. 2d 482, 483 (S.D.N.Y. 2006) (appointing individual investors and an institutional investor that "could collectively fulfill the functions of lead plaintiff in a fair, adequate, and effective manner"); *Bell v. Ascendant Solutions, Inc.,* No. 3:01-cv-0166-P, 2002 U.S. Dist. LEXIS 6850, at *17 (N.D. Tex. Apr. 18, 2002) (noting that inclusion of institutional investor with individual investors "improves diversity of experience" for the class). Similar to the individual investors in these cases, Mr. Gleason would provide the precise type of balance that courts in the past intended to provide by appointing individual investors as co-lead plaintiffs.

*Fourth*, Mr. Gleason and his counsel should be appointed to a "co-lead" structure for the purpose of protecting the class from the issues discussed above. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 419, 420 (S.D.N.Y. 2004) ("courts

OPPOSITION TO COMPETING LEAD PLAINTIFF
MOTIONS.
No. 2:26-cv-00047-TLF - 7

**TOWNSEND LEGAL, PLLC**
380 Winslow Way, Suite 200
Bainbridge Island, WA 98110 Tel: 206-761-2480

have determined that the interests of a proposed class will be served best by the appointment of co-lead plaintiffs or multiple lead plaintiffs who did not move initially as a group" and "creating a co-lead structure here will have the salutary effect of providing greater stability"); *In re Cable & Wireless, PLC Sec. Litig.,* 217 F.R.D. 372, 376 (E.D. Va. 2003) (appointing individual investor and institutional investor as co-Lead Plaintiffs to ensure that "all class members will adequately be represented" and to advance the purpose of the PLSRA to "get institutional investors involved in the prosecution of securities class action suits"); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 46 (S.D.N.Y. 1998) ("The use of multiple lead plaintiffs will best serve the interests of the proposed class in this case because such a structure will allow for pooling, not only of the knowledge and experience, but also of the resources of the plaintiffs' counsel in order to support what could prove to be a costly and time-consuming litigation.").

## CONCLUSION

For the foregoing reasons, Mr. Gleason respectfully requests that this Court: (1) appoint Mr. Gleason to serve as co-lead plaintiff in the Action; (2) approve Mr. Gleason's selection of Levi & Korsinsky, LLP as co-lead counsel and Townsend Legal, PLLC as liaison counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

Undersigned counsel certify that this memorandum contains 2,852 words, in compliance with the Local Civil Rules.

Dated: March 4, 2026                    Respectfully submitted,

                                        TOWNSEND LEGAL, PLLC

                                        By: */s/ Roger M. Townsend*
                                            Roger M. Townsend, WSBA# 25525
                                            380 Winslow Way, Suite 200
                                            Bainbridge Island, WA 98110
                                            Phone: (206) 761-2480
                                            Fax: (206) 455-9555
                                            Email: roger@townsendlegal.com

                                        LEVI & KORSINSKY, LLP

OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS.
No. 2:26-cv-00047-TLF - 8

Adam M. Apton
33 Whitehall Street, 27th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com
*Pro hac vice* application forthcoming

*Attorneys for Steven R. Gleason and Proposed Lead Counsel for the Class*

OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS.
No. 2:26-cv-00047-TLF - 9

**TOWNSEND LEGAL, PLLC**
380 Winslow Way, Suite 200
Bainbridge Island, WA 98110 Tel: 206-761-2480