The Honorable Theresa L. Fricke

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| HAKRAE LEE and MIN KYUN PARK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>COUPANG, INC., COUPANG CORP., BOM SUK KIM, GAURAV ANAND, BRETT MATTHES, and TAE KIM,<br><br>Defendants. | No. 2:26-cv-00047-TLF<br><br>**STEVEN R. GLEASON'S MEMORANDUM OF LAW IN REPLY TO THE COMPETING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND SELECTION OF COUNSEL**<br><br>NOTE ON MOTION CALENDAR: Tuesday, March 10, 2026<br><br>ORAL ARGUMENT REQUESTED<br>CLASS ACTION |

REPLY TO COMPETING LEAD PLAINTIFF
MOTION.
No. 2:26-cv-00047-TLF - 1

**TOWNSEND LEGAL, PLLC**
380 Winslow Way, Suite 200
Bainbridge Island, WA 98110 Tel: 206-761-2480

**PRELIMINARY STATEMENT**

Only two motions for lead plaintiff remain: (1) Steven R. Gleason ("Mr. Gleason"), and (2) the Aberdeen City Council as Administrating Authority for the North East Scotland Pension Fund ("Aberdeen").[1] As discussed in Mr. Gleason's opposing brief, the class would be best served by appointing Aberdeen and Mr. Gleason as co-lead plaintiffs. *See* ECF No. 27 (Mr. Gleason's Opposition Brief). Aberdeen and Mr. Gleason possess the two "largest financial interest in the relief sought by the class" and "satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii). With approximately $37,200.00 in losses, Mr. Gleason lost a significant amount of his own personal savings due to his investment in Coupang, Inc. ("Coupang"); specifically, his $37,200.00 loss accounted for 7% of his overall portfolio. If appointed co-lead plaintiff, Mr. Gleason would zealously represent the interests of other retail investors because, like him, the losses sustained by retail investors are exponentially more important to them than the relative loss sustained by institutional investors. Indeed, Aberdeen's alleged loss of $7,000,041.00 amounts to less than 0.1% of its overall portfolio.

Secondarily, Mr. Gleason also provides broader protection to the class by virtue of the fact that he purchased Coupang stock at various points during the class period, specifically in August and November 2025 when Aberdeen did not make any purchases. Additionally, given Mr. Gleason's years of investing experience and experience working with attorneys, he makes for an exceedingly credible and upstanding class representative. He will provide excellent representation for his fellow unnamed class members while overseeing the litigation and testifying before a jury, if and when necessary.

Aberdeen does not challenge Mr. Gleason's losses, adequacy, typicality or Mr. Gleason's ability to oversee the litigation. Indeed, Aberdeen made "no argument against [Mr. Gleason] other than pointing out [his] relatively low financial stake in the litigation." *Tsirekidze v. Syntax- Brillian Corp.*, Nos. CV-07-2204-PHX-FJM, et al., 2008 U.S. Dist. LEXIS 118562, at *19 (D. Ariz. Apr.

---

[1] On February 27, 2026 movant Meir Dahan filed a Notice of Non-Opposition. *See* ECF No. 18.

REPLY TO COMPETING LEAD PLAINTIFF
MOTION.
No. 2:26-cv-00047-TLF - 1

**TOWNSEND LEGAL, PLLC**
380 Winslow Way, Suite 200
Bainbridge Island, WA 98110 Tel: 206-761-2480

7, 2008) (appointing investor that lacked the largest financial interest as lead plaintiff); *see also* ECF No. 26 (Aberdeen's Opposition Brief) (making no substantive arguments against Mr. Gleason other than stating his financial interest is smaller than Aberdeen's financial interest).[2]

Mr. Gleason respectfully submits that the Court should appoint Mr. Gleason as co-lead plaintiff along with Aberdeen to ensure broad class representation by an individual with the largest relative financial interest and an institution with the largest numerical financial interest.

## ARGUMENT

### A.    MR. GLEASON HAS THE LARGEST RELATIVE FINANCIAL INTEREST.

The PSLRA expressly, and unambiguously, gives the Court wide discretion to determine financial interest. See 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb) ("in the determination of the court, has the largest financial interest in the relief sought by the class"). Based on this, "some courts measure the 'largest financial interest' by a plaintiff's losses as a percentage of its assets or holdings." *Garden City Emples. Ret. Sys. v. Psychiatric Sols., Inc.*, No. 3:09-cv-00882, 2010 U.S. Dist. LEXIS 42915, at *12 (M.D. Tenn. Apr. 30, 2010) (citing *Burke v. Ruttenberg*, 102 F. Supp. 2d 1280, 1297, 1342 (N.D. Ala. 2000)); *Laborers Local 1298 Pension Fund v. Campbell Soup Co.*, No. 00-152 (JEI), 2000 U.S. Dist. LEXIS 5481, at *5-6 (D.N.J. April 24, 2000) ("some courts

---

[2] Mr. Gleason anticipates an argument from Aberdeen that he is not adequate to serve as lead plaintiff because he filed his opposition on March 4, 2026, rather than March 3, 2026. Mr. Gleason argues that this brief delay in filing his opposition brief should not interfere with his appointment as co-lead plaintiff. Liaison counsel was traveling for its inaugural firm-wide retreat and filed the opposition brief immediately upon realizing the unprecedented oversight. *See Gronich v. Omega Healthcare Inv'rs., Inc.,* 2018 U.S. Dist. LEXIS 51934, at *7 (S.D.N.Y. Mar. 27, 2018) ("In each of these cases, movants never filed any further briefing after their initial motion, and their motions were considered abandoned. The Carpenters Pension Fund cites no authority, and the Court is aware of none, where a court deemed a lead plaintiff application abandoned merely because it waited more than 14 days to re-enter the fray."); *XL Ins. Am., Inc. v. Associated Terminals, LLC*, No. 20-427, 2021 U.S. Dist. LEXIS 62094, at *2 n.1 (E.D. La. Mar. 31, 2021) ("considering that this was XL's first untimely filing, we shall allow it and moot Kirby's request to strike the opposition."); *In re DVI, Inc. Sec. Litig.*, No. 03-5336, 2016 U.S. Dist. LEXIS 40473, at *25 (E.D. Pa. Mar. 28, 2016) ("The Supreme Court and our Court of Appeals have recognized that a party's failure to comply with a filing deadline may be "excusable neglect."") quoting *Pioneer Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993).

REPLY TO COMPETING LEAD PLAINTIFF MOTION.
No. 2:26-cv-00047-TLF - 2

**TOWNSEND LEGAL, PLLC**
380 Winslow Way, Suite 200
Bainbridge Island, WA 98110 Tel: 206-761-2480

measure the 'largest financial interest' by a plaintiff's losses as a percentage of its assets or holdings."). Mr. Gleason lost approximately 7% of his investment portfolio in connection with Coupang, whereas Aberdeen lost less than 0.1% of its portfolio. By suffering a larger relative loss, Mr. Gleason is much more motivated to litigate this action and secure the best recovery possible for retail investors in the same boat. *See Berg v. Guthart*, No. 5:14-CV-00515-EJD, 2014 U.S. Dist. LEXIS 105357, at \*19 (N.D. Cal. July 30, 2014) ("Because his Intuitive stock represents such a large percentage of his portfolio, Berg will certainly be motivated to pursue this case vigorously.").

**B.    <u>ABERDEEN FAILED TO SHOW MR. GLEASON SUFFERS ANY UNIQUE DEFENSE.</u>**

The PSLRA provides a "presumption" of lead plaintiff in favor of the movant with the "largest financial interest" in the litigation that also satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23. This presumption can only be rebutted upon proof that the movant with the largest financial interest is atypical or inadequate. 15 U.S.C. §78u4(a)(3)(B)(iii)(II). Mere speculation or innuendo is insufficient to rebut this presumption. *See, e.g., In re MGT Capital Invs., Inc., et al.*, 16 Civ. 7415 (NRB) 2017 U.S. Dist. LEXIS 59130, at \*9-10 (S.D.N.Y. Apr. 11, 2017) (rejecting "attempt to find something nefarious" in order "to discredit" a movant's certification); *Foley v. Transocean, Ltd.*, 272 F.R.D. 126, 131-33 (S.D.N.Y. 2011) (finding that the presumption "may only be rebutted upon 'proof'" of inadequacy or atypicality and rejecting challenge founded on speculation); *Kaplan v. Gelfond*, 240 F.R.D. 88, 95-96 (S.D.N.Y. 2007) (rejecting "inconclusive" argument proffered by competing movant in attempt to disqualify presumptive lead plaintiff).

Mr. Gleason and Aberdeen both possess the "largest financial interest" in the litigation. Aberdeen's only negative remark against Mr. Gleason is that he lacks the largest financial interest. Aberdeen has failed to show any proof that Mr. Gleason is somehow atypical of the other members of the class and or inadequate to serve as lead plaintiff. *See* ECF No. 26 (Aberdeen's Opposition Brief). Mr. Gleason's claims are typical of those of other class members because, like other class

REPLY TO COMPETING LEAD PLAINTIFF MOTION.
No. 2:26-cv-00047-TLF - 3

**TOWNSEND LEGAL, PLLC**
380 Winslow Way, Suite 200
Bainbridge Island, WA 98110 Tel: 206-761-2480

members, he purchased Coupang securities during the class period at prices artificially inflated by Defendants' misrepresentations and/or omissions that form the basis of the action. *See* ECF No. 4 (Memorandum in Support of Motion). Mr. Gleason also made a preliminary showing of adequacy. Mr. Gleason's choice of counsel, Levi & Korsinsky, LLP, is qualified, experienced, and able to conduct the litigation. *See* ECF. No. 5, Exh. E (Levi & Korsinsky firm resume). Finally, Mr. Gleason has further demonstrated his adequacy by submitting a declaration stating that he is a sophisticated investor with familiarity overseeing attorneys. *See* ECF No. 5, Exh. D (Declaration of Mr. Gleason). Indeed, Mr. Gleason agrees to act in the best interest of the class during the course of the litigation to provide effective representation and to ensure that lead counsel effectively litigates the action. Since Aberdeen was unable show in its opposition that Mr. Gleason is somehow inadequate or atypical, it is barred from bringing any such arguments on reply.[3]

### C.      THE CO-LEAD PLAINTIFF STRUCTURE IS BEST FOR THE CLASS.

Appointing Mr. Gleason and his counsel to a "co-lead" structure would benefit the class for several reasons. *Reinschmidt v. Zillow, Inc.*, No. 2:12-cv-02084-RSM, ECF No. 48 at 3 (W.D. Wash. Apr. 24, 2013) (appointing competing movants, individual and institutions, together as lead plaintiff). Due to their diverse investing history, Mr. Gleason would protect the class from unnecessary challenges to Aberdeen's standing, adequacy, and other unique defenses. *See Johnson v. Pozen, Inc.*, No. 07-CV-599, 2008 U.S. Dist. LEXIS 12004, at *7 (M.D.N.C. Feb. 15, 2008); *Freudenberg v. E\*Trade Fin. Corp.*, No. 07-CV-8538, 2008 U.S. Dist. LEXIS 62767, at *21 (S.D.N.Y. July 16, 2008) (appointing individual investor to protect against potential future conflicts); *N.J. Carpenters Health Fund v. Residential Capital, LLC*, 272 F.R.D. 160, 169 (S.D.N.Y. 2011) ("different levels of knowledge can be imputed to investors who purchased at different times because throughout the relevant period more and more information became

---

[3] "[A]rguments raised for the first time in a reply brief are waived." *Cottam v. Glob. Emerging Capital Grp., LLC*, 16 Civ. 4584 (LGS), 2020 U.S. Dist. LEXIS 56181, at *42 (S.D.N.Y. Mar. 30, 2020). *See Fisher v. Kanas*, 487 F. Supp. 2d 270, 278 (E.D.N.Y. 2007), *aff'd*, 288 F. App'x 721 (2d Cir. 2008) (citing *ABN AMRO VERZEKERINGEN BV v. Geologistics Ams., Inc.*, 485 F.3d 85, 97 n.12 (2d Cir.2007)); *accord Mateo v. Bristow*, No. 12 Civ. 5052, 2013 U.S. Dist. LEXIS 106478, at *8 (S.D.N.Y. July 16, 2013) (citing cases).

REPLY TO COMPETING LEAD PLAINTIFF
MOTION.
No. 2:26-cv-00047-TLF - 4

**TOWNSEND LEGAL, PLLC**
380 Winslow Way, Suite 200
Bainbridge Island, WA 98110 Tel: 206-761-2480

publicly available"); *Leech v. Brooks Automation, Inc.,* Civil Action No. 06-11068-RWZ, 2006 U.S. Dist. LEXIS 90153, at *9 (D. Mass. 2006) (lead plaintiff movant with the largest loss disqualified because he "only acquired such shares during a very narrow window in the Class Period [in the] weeks or months surrounding the . . . acquisition"). Compare Mr. Gleason's Loss Chart, ECF No. 5, Exh. B, *with* Aberdeen's Loss Chart, ECF No. 7-3.

Mr. Gleason will provide a unique perspective and represent the individual- and retail-investor members of the class of Coupang shareholders if appointed to the "co-lead" structure. Mr. Gleason will be able to "represent a broader range of shareholder interests than if the Court appointed an individual or an institutional investor alone." *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999); *accord Winter v. Stronghold Digital Mining, Inc., et. al.,* Case No. 1:22-cv-03088-RA (S.D.N.Y. Aug. 04, 2022) (appointing individual investor with institutional investor); *Martin v. BioXcel Therapeutics, Inc., et. al.*, Case No. 3:23-cv-00915-SVN (D. Conn. Oct. 4, 2023) (appointing individual investor with institutional investor); *Plumbers & Pipefitters Local 51 Pension Fund v. First Bancorp*, 409 F. Supp. 2d 482, 483 (S.D.N.Y. 2006) (appointing individual investors and an institutional investor that "could collectively fulfill the functions of lead plaintiff in a fair, adequate, and effective manner").

Mr. Gleason and his counsel should be appointed to a "co-lead" structure for the purpose of protecting the class from the issues discussed above. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 419, 420 (S.D.N.Y. 2004) ("courts have determined that the interests of a proposed class will be served best by the appointment of co-lead plaintiffs or multiple lead plaintiffs who did not move initially as a group" and "creating a co-lead structure here will have the salutary effect of providing greater stability"); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 46 (S.D.N.Y. 1998) ("The use of multiple lead plaintiffs will best serve the interests of the proposed class in this case because such a structure will allow for pooling, not only of the knowledge and experience, but also of the resources of the plaintiffs' counsel in order to support what could prove to be a costly and time-consuming litigation.").

## CONCLUSION

For the foregoing reasons, Mr. Gleason respectfully requests that this Court: (1) appoint Mr. Gleason to serve as co-lead plaintiff in the Action; (2) approve Mr. Gleason's selection of Levi & Korsinsky, LLP as co-lead counsel and Townsend Legal, PLLC as liaison counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

Undersigned counsel certify that this memorandum contains 1,662 words, in compliance with the Local Civil Rules.

Dated: March 10, 2026                          Respectfully submitted,

                                               TOWNSEND LEGAL, PLLC

                                               By:  */s/ Roger M. Townsend*
                                                    Roger M. Townsend, WSBA# 25525
                                                    380 Winslow Way, Suite 200
                                                    Bainbridge Island, WA 98110
                                                    Phone: (206) 761-2480
                                                    Fax: (206) 455-9555
                                                    Email: roger@townsendlegal.com

                                               LEVI & KORSINSKY, LLP
                                                    Adam M. Apton
                                                    33 Whitehall Street, 27th Floor
                                                    New York, NY 10004
                                                    Tel: (212) 363-7500
                                                    Fax: (212) 363-7171
                                                    Email: aapton@zlk.com
                                                    **Pro hac vice* application forthcoming

                                               *Attorneys for Steven R. Gleason and Proposed Lead Counsel for the Class*

REPLY TO COMPETING LEAD PLAINTIFF MOTION.
No. 2:26-cv-00047-TLF - 6