THE HONORABLE LAUREN KING

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

HAKRAE LEE and MIN KYUN PARK, Individually and On Behalf of All Others Similarly Situated,

Plaintiffs,

v.

COUPANG, INC., COUPANG CORP., BOM SUK KIM, GAURAV ANAND, BRETT MATTHES, and TAE KIM,

Defendants.

Case No. 2:26-cv-00047-LK

CLASS ACTION

REPLY IN FURTHER SUPPORT OF NESPF'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL

NOTE ON MOTION CALENDAR: MARCH 23, 2026

Proposed Lead Plaintiff North East Scotland Pension Fund ("NESPF") respectfully submits this Reply in further support of its Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel (ECF No. 6) (the "Motion"), and in response to the opposition filed by competing movant Steven R. Gleason (ECF No. 27) (the "Gleason Opp.").

REPLY IN SUPPORT OF NESPF'S
MOTION FOR LEAD
(2:26-cv-00047-LK)

-1-

**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

## I.    INTRODUCTION

NESPF is the presumptive "most adequate plaintiff" under the Private Securities Litigation Reform Act of 1995 ("PSLRA"). NESPF suffered losses exceeding $7 million, by far the largest financial interest among all movants, and otherwise satisfies the Rule 23 requirements of typicality and adequacy. The PSLRA therefore directs that NESPF be appointed Lead Plaintiff.

Mr. Gleason does not—and cannot—dispute that NESPF has the largest financial interest in this litigation, nor does he attempt to rebut the PSLRA's statutory presumption in NESPF's favor. Instead, he asks the Court to depart from the PSLRA's framework and appoint a "co-lead" structure based largely on the theory that a smaller loss may be more meaningful to an individual investor because it represents a larger percentage of that investor's personal portfolio. Courts routinely reject that argument because it would invert the PSLRA's framework by favoring smaller individual investors over institutional investors with far greater economic stakes in the litigation. The PSLRA instead establishes a rebuttable presumption in favor of the movant with the largest financial interest, particularly where, as here, that movant is a sophisticated institutional investor of the type Congress intended to lead securities class actions.

Because NESPF indisputably has the largest financial interest in the outcome of this litigation, satisfies Rule 23's requirements, and that the only competing movant has made no attempt to rebut the PSLRA's presumption in its favor, the Court should appoint NESPF as Lead Plaintiff and approve its selection of counsel.

## II.    STATEMENT OF RELEVANT FACTS

NESPF filed its Motion for appointment as Lead Plaintiff on February 17, 2026. ECF No. 6. Two other investors also moved for appointment that day. ECF Nos. 4, 8. One of those movants subsequently filed a notice of non-opposition. ECF No. 18. NESPF timely filed an opposition to the remaining competing motion that had been filed by Steven R. Gleason. ECF No. 26 (the

REPLY IN SUPPORT OF NESPF'S
MOTION FOR LEAD
(2:26-cv-00047-LK)

**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

-2-

"Opposition"). Mr. Gleason thereafter filed an untimely opposition to NESPF's Motion, one day after the deadline set by Local Civil Rule 7(d)(3). ECF No. 27.[1]

## III.     ARGUMENT

### A.     NESPF is the Most Adequate Plaintiff

The PSLRA establishes a "rebuttable presumption" that the "most adequate plaintiff" is the movant with the "largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As explained aim its Motion and Opposition, NESPF incurred more than $7 million in losses on its purchases of Coupang, Inc. securities during the Class Period and decisively ranks first under each of the factors courts in this District consider when determining the "largest financial interest." *See* ECF No. 6, § II.C; ECF No. 26, § III.A. NESPF also satisfies Rule 23's requirements of typicality and adequacy and is therefore the presumptive "most adequate plaintiff." *See* ECF No. 6, § II.D; ECF No. 26, § III.B.

Mr. Gleason does not dispute that NESPF has the largest financial interest. Instead, he asks the Court to redefine the PSLRA's "largest financial interest" requirement to mean the largest percentage of an investor's portfolio—an argument absent from his opening motion and unsupported by the law in this Circuit—and asserts that somehow ***both*** "Mr. Gleason and [NESPF] possess the 'largest financial interest' in the litigation." Gleason Opp. at 2. The PSLRA and the case law interpreting it support no such theory, and Mr. Gleason does not cite a single decision in this Circuit adopting his approach. That is because courts in this Circuit have expressly rejected that methodology, explaining that it "'would result in individual investors nearly always having the largest financial stake relative to institutional investors whose holdings frequently amount to hundreds of millions of dollars.'" *In re Cloudera, Inc. Sec. Litig.*, No. 19-cv-03221, 2019 WL 6842021, at *4 (N.D. Cal. Dec. 16, 2019) (quoting *In re Netflix, Inc. Sec. Litig.*, No. 12-0225, 2012 WL 1496171, at *7 (N.D. Cal. Apr. 27, 2012)). "Such a result would defeat the PSLRA's aim of

---

[1] Rather than move to strike Mr. Gleason's untimely filing, NESPF has chosen to address the substance of his meritless opposition.

REPLY IN SUPPORT OF NESPF'S
MOTION FOR LEAD
(2:26-cv-00047-LK)

**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

putting institutional investors at the helm of more private securities class actions." *Netflix*, 2012 WL 1496171, at \*7; *see also Frias v. Dendreon Corp.*, 835 F. Supp. 2d 1067, 1076 (W.D. Wash. 2011) ("a sophisticated institutional investor… is exactly the type of lead plaintiff envision[ed] by Congress when it instituted the lead plaintiff requirements.") (internal quotations and citation omitted).

Nor do the authorities Mr. Gleason cites support his position. Mr. Gleason's reliance on *Berg v. Guthart* is misplaced. *Berg* is not a PSLRA case; it involved appointment of a lead plaintiff in a shareholder derivative action under Federal Rule of Civil Procedure 23.1. *Berg v. Guthart*, No. 14-cv-00515, 2014 U.S. Dist. LEXIS 105357 (N.D. Cal. July 30, 2014). The court expressly noted that "[w]hile the [PSLRA] provides statutory guidance for appointing a lead plaintiff in a securities fraud action, there is no similar statute addressing the appointment of a lead plaintiff in a shareholder derivative action." *Id*. at \*7.

*Garden City Emples. Ret. Sys. v. Psychiatric Sols., Inc.* fares no better. There, the court considered the same four factors applied here—total shares purchased, net shares purchased, total funds expended, and approximate losses—and ultimately appointed the movant with the largest financial loss as lead plaintiff. *See Garden City Emples. Ret. Sys. v. Psychiatric Sols., Inc.*, No. 09-cv-01211, 2010 U.S. Dist. LEXIS 42915, at \*9–14 (M.D. Tenn. Apr. 23, 2010). To the extent the opinion notes that the largest numeric loss is not always dispositive, the cases it cited involved movants with nearly identical losses—$2.3 million versus $1.9 million and $22.5 million versus $22.8 million. *Id*. at \*11.

The facts here are not analogous. NESPF has the largest financial interest in the relief sought under the PSLRA, as that requirement is consistently interpreted, and should be appointed Lead Plaintiff.

**B.     Mr. Gleason Does Not Attempt to Rebut the PSLRA's Presumption**

To rebut the PSLRA's presumption, a competing movant must *present proof* that the presumptive lead plaintiff "will not fairly and adequately represent the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Mr. Gleason does not attempt to make either

REPLY IN SUPPORT OF NESPF'S
MOTION FOR LEAD
(2:26-cv-00047-LK)

**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

-4-

showing. He does not argue that NESPF is inadequate, nor does he contend that NESPF is subject to any unique defenses. Because Mr. Gleason fails to, and in fact does not even attempt to, rebut the PSLRA's statutory presumption, the Court's analysis should end and NESPF should be appointed Lead Plaintiff.

### C.    Mr. Gleason's Alternative Request for Co-Lead Should be Rejected

Recognizing that he cannot rebut the PSLRA's presumption, Mr. Gleason alternatively asks the Court to appoint him as co-Lead Plaintiff alongside NESPF. That request should be denied.

The Ninth Circuit has cautioned against appointing co-lead plaintiffs, observing that "appointment of multiple lead plaintiffs would [] tend to run counter to the sequential inquiry we outlined for selection of lead plaintiff." *In re B. Riley Fin., Inc.*, No. 24-cv-00662, 2025 WL 2701764, at *4–5 (C.D. Cal. Feb. 4, 2025) (quoting *Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 711 n.4 (9th Cir. 2009)). Courts in this Circuit likewise recognize that appointing co-lead plaintiffs undermines the PSLRA's objectives and may "harm the class by dividing responsibility for the supervision of class counsel." *B. Riley*, 2025 WL 2701764, at *5 (internal citation omitted). When courts do appoint groups, they typically require that the movants share a pre-existing relationship, have chosen to seek appointment together, and present a documented plan for jointly managing the litigation. *See e.g.*, *Mullen v. Wells Fargo & Co.*, No. C 20-07674, 2021 WL 965344, at *4 (N.D. Cal. Mar. 15, 2021) ("Multiple lead plaintiffs are usually appointed only if the parties had a meaningful relationship preceding the litigation").

Mr. Gleason identifies no legitimate reason to depart from that framework. He first argues that appointing an individual investor as co-lead would protect the class from potential standing or adequacy challenges based on NESPF's trading history. *See* Gleason Opp. at 5. Yet he does not contend that NESPF lacks standing, is atypical, or is subject to any unique defenses. *Id.* And even if he had, speculation about hypothetical future challenges does not justify imposing an unnecessary co-lead structure that is "at odds with the PSLRA." *Retail Wholesale Department Store Union Local 338 Ret. Fund v. Stitch Fix, Inc.*, No. 22-cv-04893, 2023 WL 3613313, at *5

REPLY IN SUPPORT OF NESPF'S
MOTION FOR LEAD
(2:26-cv-00047-LK)

**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

(N.D. Cal. May 22, 2023) (rejecting co-lead request based on concerns that the movant with the largest financial interest may have failed "to retain stock throughout the class period"); *see also Kusen v. Herbert*, No. 23-cv-02940, 2023 WL 8171736, at *8 (N.D. Cal. Nov. 24, 2023) (rejecting co-lead request and holding that the presumptive lead plaintiff's substantial losses confirmed its adequacy notwithstanding arguments based on its trading history).

Mr. Gleason's related assertion that his purchases at different points during the Class Period provide a "unique perspective" fares no better. Gleason Opp. at 5. The PSLRA does not require that a lead plaintiff purchase at every point during the class period or represent every conceivable trading pattern. *See Kusen*, 2023 WL 8171736, at *8 (rejecting co-lead even where the presumptive lead plaintiff "held no stock during the final six weeks of the proposed class period"). Further, NESPF purchased Coupang shares at many points throughout the class period, while Mr. Gleason made only two purchases. *See* ECF No. 7-2; ECF No. 5 at Ex. A. Those two additional transactions do not meaningfully expand the scope of trading activity before the Court and therefore provide no basis to depart from the PSLRA's presumption.

The cases cited by Mr. Gleason likewise do not support a co-lead structure. In *Pelletier v. Endo Int'l PLC*, the court adopted a co-lead structure only after years of litigation and after removing the existing lead plaintiff due to serious concerns regarding adequacy and litigation conduct—including misleading representations to the court and discovery misconduct. *See Pelletier v. Endo Int'l PLC*, No. 17-cv-5114, 2021 U.S. Dist. LEXIS 21207, at *27–28, *31–36 (E.D. Pa. Feb. 4, 2021). Those extraordinary circumstances bear no resemblance to the facts presented here.

Similarly, Mr. Gleason's reliance on the decades-old, out-of-circuit decision in *Laborers Local 1298 Pension Fund v. Campbell Soup Co.*, No. 00-152, 2000 U.S. Dist. LEXIS 5481 (D.N.J. Apr. 24, 2000), fares no better. Courts in this Circuit have expressly criticized reliance on *Campbell Soup* and the methodology it employed in appointing co-lead plaintiffs. *See Cloudera*, 2019 WL 6842021, at *4 (rejecting movant's reliance on *Campbell Soup* and noting that the

REPLY IN SUPPORT OF NESPF'S
MOTION FOR LEAD
(2:26-cv-00047-LK)

**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

-6-

"[movant] fails to cite a single in-circuit case using that methodology and instead relies on nearly decades-old orders from outside this circuit").[2]

Courts do not depart from the PSLRA's presumption or create co-lead structures merely to accommodate competing movants, particularly where, as here, a sophisticated institutional investor indisputably possesses the largest financial interest in the litigation. Mr. Gleason's alternative request should therefore be rejected.

## IV.    CONCLUSION

For the foregoing reasons, and for the reasons stated in its Motion and Opposition, NESPF respectfully requests that this Court issue an Order: (1) appointing NESPF as Lead Plaintiff; (2) approving NESPF's selection of Grant & Eisenhofer P.A. as Lead Counsel and Cotchett Pitre & McCarthy LLP as Liaison Counsel; and (3) granting such other relief as the Court may deem just and proper.

I certify that this memorandum contains 1,949 words, excluding the caption, signature blocks, and certificate of service in compliance with the Local Civil Rules.

---

[2] None of the cases Mr. Gleason cites support his request for appointment as co-Lead Plaintiff. *See* Gleason Opp. at 6–7. Those decisions involved materially different circumstances, including situations where movants had roughly comparable losses, where movants agreed to proceed jointly, or where movants represented different categories of securities. In fact, one case denied the request for co-lead status altogether. *See Spurbeck v. Petco Health & Wellness Co., Inc.*, No. 25-cv-1667 JLS (VET), 2025 U.S. Dist. LEXIS 229693, at *13 (S.D. Cal. Nov. 20, 2025) ("appointment of co-lead plaintiffs is not warranted in this case.").

REPLY IN SUPPORT OF NESPF'S
MOTION FOR LEAD
(2:26-cv-00047-LK)

**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

DATED: March 10, 2026

Respectfully submitted,

COTCHETT PITRE & MCCARTHY LLP

By: */s/ Thomas E. Loeser*
    Thomas E. Loeser

Thomas E. Loeser (SBN 38701)
Karin B. Swope (SBN 24015)
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel.: (206) 802-1272
Fax: (206) 299-4184
Email: tloeser@cpmlegal.com
Email: kswope@cpmlegal.com

*Liaison Counsel*

Karin E. Fisch (*pro hac vice* forthcoming)
Vincent J. Pontrello (*pro hac vice* forthcoming)
GRANT & EISENHOFER P.A.
485 Lexington Avenue
New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
Email: kfisch@gelaw.com
Email: vpontrello@gelaw.com

*Counsel for NESPF and Proposed Lead Counsel for the Class*

REPLY IN SUPPORT OF NESPF'S
MOTION FOR LEAD
(2:26-cv-00047-LK)

**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

**<u>Certificate of Service</u>**

The undersigned hereby certifies that on March 10, 2026 the foregoing document was filed via the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record.

By: */s/  Thomas E. Loeser*
Thomas E. Loeser

REPLY IN SUPPORT OF NESPF'S
MOTION FOR LEAD
(2:26-cv-00047-LK)

**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

-9-